In The Matter of The Petition of
Joseph A. WITTROCK for A
Writ of Prohibition.

No. 401, 1994.

Supreme Court of Delaware.

Submitted: Oct. 25, 1994.
Decided: Nov. 21, 1994.

Joseph A. Wittrock, pro se.

Richard E. Fairbanks, Jr., Deputy Atty. Gen., Wilmington, for respondent.

Before VEASEY, C.J., HOLLAND, and BERGER, JJ.

HOLLAND, Justice:

In March 1992, a Superior Court jury convicted the petitioner, Joseph A. Wittrock ("Wittrock"), of numerous sexual offenses. This Court affirmed Wittrock's convictions on direct appeal. On September 30, 1994, Wittrock filed his first motion for postconvic-

tion relief in the Superior Court. Super.Ct.Crim.R. 61. That motion was assigned for disposition to the judge who had presided over Wittrock's trial. Wittrock did not request the trial judge to recuse himself from considering Wittrock's postconviction motion.

Wittrock has applied to this Court for a writ of prohibition. As grounds for the petition, Wittrock contends that the trial judge exhibited bias and prejudice at his trial. Thus, he seeks to prevent the trial judge from ruling on his postconviction motion.

■ According to Wittrock, the trial judge erred by failing to declare a mistrial *sua sponte*, after becoming aware that Wittrock's attorney had an alleged material conflict of interest. Wittrock has raised that alleged error as one ground for relief in his postconviction motion. Wittrock contends that the trial judge's failure to declare a mistrial exhibits bias and demonstrates an inability to rule impartially on Wittrock's postconviction motion. The State has filed a motion to dismiss Wittrock's petition for a writ of prohibition.

■ Every litigant is entitled to be heard by a disinterested judge. *Matushefske v. Herlihy*, Del.Supr., 214 A.2d 883, 886 (1965). This Court, therefore, has original jurisdiction to issue a writ of prohibition not only to prevent a lower court from exceeding the limits of its jurisdiction, but to restrain an individual judge from proceeding in a case in which the judge is clearly disqualified by reason of personal interest, bias or prejudice. Supr.Ct.R. 43; *In re Hovey*, Del.Supr., 545 A.2d 626, 628 (1988); *Matushefske v. Herlihy*, 214 A.2d at 886. When this Court's original jurisdiction to issue an extraordinary writ is invoked, the burden is upon the petitioner to demonstrate a clear entitlement to that relief. *In re Hovey*, 545 A.2d at 629.

■ Canon 3C(1) of The Delaware Judges' Code of Judicial Conduct states, in part, that disqualification due to personal bias or prejudice is required when the impartiality of the judge might *reasonably* be questioned. Del. Judges' Code of Judicial Conduct Canon 3C(1) (1993). Previous contact between the judge and a party, in the same or a different judicial proceeding, does not require automatic disqualification. *Los v. Los*, Del.Supr., 595 A.2d 381, 384 (1991). Furthermore, this Court previously has held that the bias envisioned by Canon 3C(1)(a) is not created merely because the trial judge has made adverse rulings during the course of a prior proceeding. *Weber v. State*, Del. Supr., 547 A.2d 948, 952 (1988). In fact, a trial judge's rulings alone almost never constitute a valid *per se* basis for disqualification on the ground of bias. *Liteky v. United States*, —— U.S. ——, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

Wittrock's only alleged evidence of bias arises from the trial judge's failure to declare a mistrial *sua sponte*. Wittrock's allegation, without more, does not constitute clear and convincing evidence that the trial judge is disqualified from ruling on his postconviction motion on the basis of bias. *See Weber v. State*, 547 A.2d at 952. Consequently, Wittrock has not established his entitlement to the issuance of a writ of prohibition. *In re Hovey*, 545 A.2d at 629.

■ Alternatively, a writ of prohibition, a form of extraordinary remedy, will not be issued if the petitioner has an adequate and complete remedy at law to correct an allegedly erroneous act of the lower court. *Matushefske v. Herlihy*, 214 A.2d at 886; *In re Hovey*, 545 A.2d at 628. Pursuant to Superior Court Criminal Rule 61(k), Wittrock has the right to invoke the appellate jurisdiction of this Court if his postconviction motion is unsuccessful on the merits. On appeal, Wittrock may seek this Court's review of all claims, including his claim that the trial judge was disqualified on the basis of bias or prejudice. Therefore, a writ of prohibition is inappropriate because Wittrock has an adequate and complete remedy at law. *See In re Hovey*, 545 A.2d at 629.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. Wittrock's petition for a writ of prohibition is DENIED.