IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITIONS OF THOMAS E. § No. 631, 2014
NOBLE FOR WRITS OF §
PROHIBITION AND §
CERTIORARI §

Submitted: December 16, 2014
Decided: February 9, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 9th day of February 2015, upon consideration of the petition for a writ of prohibition filed by Thomas E. Noble, the answer and motion to dismiss filed by the State of Delaware, and Noble's petition for a writ of certiorari, it appears to the Court that:

(1) In January 2014, Thomas E. Noble was indicted on twenty-five counts of Dealing in Child Pornography.[1] In February 2014, the Superior Court granted Noble leave to proceed *pro se* and appointed standby counsel to represent him. In August 2014, the Superior Court ordered that Noble undergo a psychiatric and psychological evaluation to determine his competency to stand trial and his mental state at the time of the offense.[2]

_____

[1] *State v. Noble*, Del. Super., Cr. ID No. 1311014361.

[2] The Superior Court docket reflects that the report on Noble's evaluation was filed on December 5, 2014, and referred to a Commissioner. On January 26, 2015, based on the

(2) On November 14, 2014, Noble filed a petition for a writ of prohibition asking this Court to remove and discipline the Judge, court staff, and prosecutors assigned to his criminal case, and the Judge and court staff assigned to three related civil actions that he filed in October 2014, including a habeas corpus petition. On December 16, 2014, Noble filed a petition for a writ of certiorari asking the Court to review the Superior Court's dismissal of his habeas corpus petition on October 9, 2014. A previous mandamus petition filed by Noble was rejected by the Supreme Court on November 6, 2014.[3] In June 2014, this Court also rejected Noble's petitions for writs of habeas corpus[4] and mandamus[5] after Noble failed to respond to the notices to show cause issued in both cases in June 2014.

(3) This Court has original jurisdiction to issue a writ of prohibition to prevent the Superior Court from exceeding the limits of its jurisdiction and "to restrain an individual judge from proceeding in a case in which the judge is clearly disqualified by reason of personal interest, bias or

---

evaluation and the position of counsel, the Commissioner ordered that Noble be confined and treated at the Delaware Psychiatric Center until he is capable of standing trial. *Id.* Docket at 62, 63 and 65.

[3] *In re Noble*, 2014 WL 5823030 (Del. Nov. 6, 2014).

[4] *In re Noble*, 2014 WL 2565699 (Del. June 4, 2014).

[5] *In re Noble*, 2014 WL 2803510 (Del. June 18, 2014).

prejudice."[6]  In this case, Noble's petition for a writ of prohibition offers no basis upon which to question the Superior Court's jurisdiction or to conclude that the Judge assigned to his criminal and civil cases is disqualified.[7]  We therefore conclude that Noble has not met the threshold requirements for the issuance of a writ of prohibition.

(4)    This Court has original jurisdiction to issue a writ of certiorari to review a final order of a trial court where the right of appeal is denied, a grave question of public policy is involved, and no other basis for review is available.[8]  In this case, Noble had a right to appeal the dismissal of his habeas corpus petition.  Noble's petition for a writ of certiorari does not demonstrate that his right of appeal was denied or that a grave question of public policy is involved.  We therefore conclude that Noble has not met the threshold requirements for the issuance of a writ of certiorari.

(5) Noble was described by the U.S. District Court for the District of Delaware as "an habitual litigant" in its rejection of his 27th claim before

---

[6] *In re McLeod*, 2014 WL 2927411, at *1 (Del. June 25, 2014) (quoting *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994)).

[7] By order dated July 21, 2014, a copy of which is attached to the State's answer and motion to dismiss, the Judge denied Noble's motion to recuse, which was based on claims that the Judge was biased and had a conflict of interest.

[8] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).

3

that Court.[9]  The Court noted that "When reviewing Noble's complaint history, a pattern becomes clear.  After the dismissal of his claims, rather than file an appeal as required by the Federal Rules of Civil and Appellate Procedure, Noble simply files new lawsuits and demands further review."[10] We advise Noble, who has already been barred by the U.S. District Courts for the Eastern District of Pennsylvania[11] and the District of Delaware[12] from filing additional lawsuits, to be mindful of Supreme Court Rule 20(f).[13]

NOW, THEREFORE, IT IS ORDERED, that the motion to dismiss is GRANTED.  The petitions for writs of prohibition and certiorari are DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[9] *See Noble v. Becker*, 2004 WL 96744 (D. Del. Jan. 15, 2004).

[10] *Id*. at *2; *see also Noble v. Cooper*, 2010 WL 3769080, at *2 (E.D.Pa, Sept. 28, 2010) (quoting the same).

[11] *See In Re Guyer*, 1990 WL 162131 (E.D.Pa. Oct. 19, 1990).  Noble legally changed his name from Thomas D. Guyer to Thomas E. Noble in 2002.  He also used the name Walter M. Guyer in his earlier court filings. *Noble v. Becker*, 2004 WL 96744, at *1 n.1.

[12] *Noble v. Becker*, 2004 WL 96744, at *5 (directing the Clerk of the Court to "refuse to file any complaint or other paper from Thomas E. Noble until this Court has ruled further on this matter").

[13] Sup. Ct. R. 20(f) ("The Court may in any case involving a frivolous appeal, enter a special order assessing costs in addition to those provided for by paragraph (d) as justice may require.  Such additional costs may, in the discretion of the Court, include the costs incurred in the preparation and transmission of the record, the cost of the transcript and the reasonable expenses of any appellee.").