COURT OF CHANCERY
OF THE
STATE OF DELAWARE

ABIGAIL M. LeGROW
MASTER IN CHANCERY

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report:  April 2, 2015
Submitted:  March 24, 2015

Brad Greenspan
2995 Woodside Road, Suite 400
Woodside, CA 94062

Gregory V. Varallo, Esquire
Kevin M. Gallagher, Esquire
Christopher H. Lyons, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19801

Kathaleen St. J. McCormick, Esquire
Daniel M. Kirshenbaum, Esquire
Young, Conaway, Stargatt & Taylor
100 N. King Street
P.O. Box 391
Wilmington, DE 19899

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Daniel B. Rath, Esquire
Rebecca L. Butcher, Esquire
Tyler O'Connell, Esquire
Landis Rath & Cobb LLP
919 North Market Street
Wilmington, DE 19801

Re:  *Greenspan v. News Corporation, et al.*
C.A. No. 9567-ML

Dear Counsel and Mr. Greenspan:

I am in receipt of Mr. Coen's letter dated March 24, 2015 and Mr. Greenspan's

numerous filings, which include a motion asking me to recuse myself from these

proceedings (the "Motion to Recuse").  This letter constitutes my resolution of Mr.

Coen's request for a scheduling order and also constitutes my final report on the Motion to Recuse.

First, I have signed the proposed scheduling order requiring Mr. Greenspan to respond to the Advancement Defendants' motions to dismiss. The motions to dismiss were filed in January and Mr. Greenspan has had more than enough time to respond to those motions. If Mr. Greenspan opposes the motions to dismiss, he should file his opposition on or before April 21, 2015.

Second, I have reviewed the Motion to Recuse, along with the Motion of Joinder, the Motion to Supplement Pleadings, and the Delaware Judges' Code of Judicial Conduct (the "Code of Conduct").[1] In the Motion to Recuse, Mr. Greenspan appears to argue that my past association with Potter Anderson & Corroon LLP ("Potter Anderson") represents a conflict of interest because Potter Anderson represented Answers Corporation ("Answers") in a previous case pending before Vice Chancellor Noble and Mr. Greenspan alleges Answers and Potter Anderson made false statements about Mr. Greenspan in that litigation and in certain public filings. Although Potter Anderson and Answers are not presently parties to this action, Mr. Greenspan has filed a Motion of Joinder and a Motion to Supplement Pleadings that – collectively – seek to add Answers,

---

[1] On March 2, 2015, Mr. Greenspan filed a Mandamus Petition with the Delaware Supreme Court asserting that this case improperly was assigned to a Master and seeking relief from the Supreme Court. Because the Mandamus Petition is not before me, I have not considered those arguments in resolving the Motion to Recuse.

Potter Anderson, and several Potter Anderson attorneys as defendants to this action, along with several other firms and individual attorneys.

I have not granted the Motion of Joinder or the Motion to Supplement Pleadings, and Potter Anderson, Answers, and any Potter Anderson attorneys have yet been served with process in this action. I believe, however, it is proper to resolve the Motion to Recuse with the proposed amended pleadings in mind, as the motions seeking to add those additional defendants shortly will need to be resolved and the conflict on which Mr. Greenspan relies arguably would by implicated in the Court's consideration of those motions. After reviewing the matter, and with an interest toward erring on the side of caution, I have decided to recuse myself from this case and ask the Chancellor to reassign the matter to another judicial officer.

The Motion to Recuse is governed by Rule 2.11(A) of the Code of Conduct. Under that Rule, a judge should recuse herself:

> in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> > (1) The judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > * * *
> >
> > (4) The judge (a) served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter … .[2]

---

[2] Del. Judge's Code of Judicial Conduct § 2.11.

I do not believe this case falls within Section 2.11(A)(4) of the Code of Conduct. Although I was an associate at Potter Anderson at the time that firm served as counsel to Answers, I did not personally work on that matter. More importantly, I understand the reference to the "matter" in Section 2.11(A)(4) as referring to the actual cause of action then pending. In this case, the "matter" would refer to the case before Vice Chancellor Noble in which Potter Anderson represented Answers, but would not refer to later, separate cases, such as the one currently pending before me. Therefore, I do not believe that disqualification is required under that Section of the Code of Conduct.

The inquiry, however, does not end there. Judicial impartiality is fundamental to due process.[3] The standards governing judicial conduct require both actual impartiality as well as the appearance of impartiality.[4] Accordingly, where the basis for the alleged disqualification is a claim that the judge personally is biased or prejudiced concerning a party, the judge must engage in a two-part analysis. "First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality."[5]

---

[3] *Los v. Los*, 595 A.2d 381, 383 (Del. 1991).
[4] *Id*. at 583-84 (citing *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964)).
[5] *Id*. at 584-85. *See also In re Wittrock*, 649 A.2d 1053 (Del. 1994).

The mere involvement of Potter Anderson as counsel in a proceeding before me indisputably would not create the appearance of impartiality.[6] Here, however, Mr. Greenspan seeks to amend the pleadings to add the firm and three of its attorneys as defendants and impose personal liability on them. I am confident that – as a subjective matter – I could hear this action free from bias or prejudice, even if Potter Anderson or various of its attorneys are added as defendants. I worked for the firm for approximately seven years, left on amicable terms, was not a partner, and do not have any continuing financial interest in the firm or any exposure to liability the firm may incur. Nonetheless, I have concluded that – under these circumstances – there would be an appearance of bias in presiding over a matter that could result in a finding of liability for my former firm or several attorneys with whom I closely worked while employed there.

I am aware– and deeply regret –that recusing myself from this case will impose additional work on one of my colleagues. The decision is not one I relish or make lightly. The importance, however, of maintaining both the fact and appearance of an unbiased judiciary must, in my view, take precedence. While Potter Anderson or its attorneys are – or may be – defendants, I believe there is a sufficient basis for Mr. Greenspan to question my impartiality. If, however, the Motion to Supplement is denied, or if Potter Anderson and its attorneys later are dismissed as defendants, and the

---

[6] *See* Del. Judges' Code of Judicial Conduct § 2.11(A)(4) (requiring disqualification if a judge was associated within the previous year with a lawyer or law firm acting as counsel in a proceeding).

presiding judicial officer concludes the case may be reassigned to me without prejudicing the parties, I would be happy to be reassigned to the case.

For the foregoing reasons, I believe I should recuse myself from this matter, and therefore I ask the Chancellor to reassign it to another judicial officer. This is my final report and exceptions may be taken in accordance with Court of Chancery Rule 144.


Respectfully submitted,

*/s/ Abigail M. LeGrow*
Master in Chancery