IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DERIOUS J. | § | No. 210, 2015 |
| JOHNSON FOR A WRIT | § | |
| OF PROHIBITION | § | |

Submitted: May 6, 2015
Decided: May 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 27th day of May 2015, upon consideration of the petition of Derious J. Johnson for an extraordinary writ of prohibition, it appears to the Court that:

(1) The petitioner, Derious J. Johnson, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of prohibition directing that the Superior Court not use his 1998 conviction for Possession with Intent to Deliver as a basis for his 2003 sentencing as a habitual offender. The State filed a response to Johnson's petition and moved to dismiss the petition. After careful review, we conclude that Johnson's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) This Court "has original jurisdiction to issue a writ of prohibition not only to prevent a lower court from exceeding the limits of its jurisdiction, but to restrain an individual judge from proceeding in a case in which the judge is clearly

disqualified by reason of personal interest, bias or prejudice."[1]  A writ of prohibition is not a substitute for an appeal and will be denied if the petitioner has an adequate and complete remedy at law.[2]  Johnson has not shown that the Superior Court exceeded the limits of its jurisdiction or that a Superior Court judge should be disqualified.  Johnson's motion for a writ of prohibition must therefore be dismissed.

(3)	Given that Johnson has unsuccessfully challenged the use of his 1998 conviction in his sentencing as a habitual offender on previous occasions and has been warned about raising repetitive claims,[3] we further conclude that Johnson's petition for a writ of prohibition is legally frivolous.  We warn Johnson that if he continues to file frivolous claims in this Court, he will be enjoined from filing future claims without leave of the Court.

---

[1] *In re Witrock*, 649 A.2d 1053, 1054 (Del. 1994).

[2] *Id.*

[3] *See, e.g.*, *Johnson v. State*, 2014 WL 5448891, at *1 (Del. Oct. 27, 2014) (affirming Superior Court's denial of third motion for postconviction relief in which Johnson claimed that 1998 conviction could not serve as basis for sentencing as habitual offender and warning Johnson that this Court would not invest scarce judicial resources addressing repetitive claims); *In re Johnson*, 2012 WL 1655713, at *1 (Del. May 9, 2012) (dismissing Johnson's petition for writ of certiorari in which he claimed that 1998 conviction could not serve as basis for sentencing as habitual offender).

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of prohibition is DISMISSED.

BY THE COURT:

_/s/ Randy J. Holland_
Justice