IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF STEVEN A. | § | No. 228, 2015 |
| McLEOD FOR A WRIT | § | |
| OF PROHIBITION | § | |

Submitted: May 26, 2015
Decided: July 15, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## O R D E R

This 15th day of July 2015, upon consideration of the petition of Steven A. McLeod for an extraordinary writ of prohibition, it appears to the Court that:

(1) The petitioner, Steven A. McLeod, seeks to invoke the original jurisdiction of this Court, pursuant to Supreme Court Rule 43, to issue a writ of prohibition precluding the trial judge from presiding over a civil case filed by the petitioner in the Superior Court. The defendant in the case below, Hughey F. McLeod, filed a response to Steven McLeod's petition and moved to dismiss the petition. After careful review, we find that Steven McLeod's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) This petition arises from a case currently pending in the Superior Court. In a motion filed on December 13, 2013, Steven McLeod asked the President Judge of the Superior Court to re-assign the case to another Superior

Court judge under Superior Court Civil Rule 40(a) because the trial judge had not ruled on multiple motions he had filed. On April 15, 2014, Steven McLeod filed a motion to disqualify the trial judge. Steven McLeod claimed that disqualification was necessary because, among other things, the trial judge had not ruled on pending motions, had entered orders with typographical errors, and did not send an order to his classification officer as requested, resulting in his inability to participate telephonically in a court hearing.[1]

(3) In a letter dated April 17, 2014, the trial judge informed Steven McLeod that she had received his motion to disqualify and forwarded it to the President Judge because it was similar to the motion for re-assignment pending before the President Judge. The President Judge denied the motion for re-assignment on May 29, 2014.

(4) On May 5, 2014, Steven McLeod filed a petition in this Court for a writ of prohibition precluding the trial judge from presiding over his Superior Court case or a writ of mandamus disqualifying the trial judge. This Court dismissed the petition on June 25, 2014 because Steven McLeod had an adequate and complete remedy at law—a decision on the pending motion to disqualify could

---

[1] Steven McLeod is incarcerated in Florida.

2

be reviewed on a timely appeal.[2] We noted that the trial judge must rule on the motion to disqualify.[3]

(5) On May 5, 2015, Steven McLeod filed another petition in this Court for a writ of prohibition to disqualify the trial judge from hearing his case. In this petition, McLeod claims he is entitled to a writ of prohibition because the trial judge failed to rule on his April 2014 motion to disqualify and failed to mail copies of certain court rulings to him. In a letter dated May 18, 2015, the trial judge informed this Court that she had not decided the April 2014 motion to disqualify due to an oversight and expected to issue a decision within ten business days. On May 26, 2015, Hughey McLeod filed an answer and motion to dismiss Steven McLeod's petition for a writ of prohibition. The trial judge issued a decision denying Steven McLeod's motion to disqualify on May 28, 2015.

(6) This Court "has original jurisdiction to issue a writ of prohibition not only to prevent a lower court from exceeding the limits of its jurisdiction, but to restrain an individual judge from proceeding in a case in which the judge is clearly disqualified by reason of personal interest, bias or prejudice."[4] "When this Court's original jurisdiction to issue an extraordinary writ is invoked, the burden is upon

---

[2] *In re McLeod*, 2014 WL 2927411, at *1 (Del. June 25, 2014).

[3] *Id.* at n.4.

[4] *In re Witrock*, 649 A.2d 1053, 1054 (Del. 1994).

3

the petitioner to demonstrate a clear entitlement to that relief."[5]   A writ of prohibition is not a substitute for an appeal and will be denied if the petitioner has an adequate and complete remedy at law.[6]

(7)   Steven McLeod has not demonstrated clear entitlement to a writ of prohibition.  The trial judge has ruled on the motion to disqualify.  As to Steven McLeod's contention that the trial judge failed to mail him copies of certain rulings, the Superior Court docket reflects that multiple rulings were mailed to Steven McLeod in April 2015 when it was not clear if all of those rulings had been mailed previously.  The trial judge also gave Steven McLeod additional time to identify a specific causation expert and the content of that expert's testimony in light of Steven McLeod's contention that he had not received the decision reflecting that ruling.

(8)   Moreover, Steven McLeod has an adequate and complete remedy at law.  The trial judge's decision denying Steven McLeod's motion to disqualify can be reviewed on a timely appeal of a final judgment in the Superior Court case. Steven McLeod's petition for a writ of prohibition must be dismissed.

---

[5] *Id.*

[6] *Id.*

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of prohibition is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice