IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF EARL B. BRADLEY § No. 196, 2017
FOR A WRIT OF MANDAMUS §

Submitted: May 19, 2017
Decided: May 23, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 23rd day of May 2017, upon consideration of Earl B. Bradley's petition for a writ of mandamus and motion for recusal or disqualification and the State's answer and motion to dismiss to the petition for a writ of mandamus, it appears to the Court that:

(1) On May 9, 2017, Bradley filed a petition for issuance of a writ of mandamus directing the Superior Court to rule on his motions for postconviction relief under Superior Court Criminal Rule 61. On May 15, 2017, Bradley filed a motion to recuse or disqualify this Justice from the panel. The motion is based on Bradley's dissatisfaction with the opinion this Justice wrote for the Court affirming the Superior Court's denial of his first motion for postconviction relief[1] and the opinion this Justice wrote for the Court reversing a different defendant's convictions due to witness tampering warrants that violated the United States and Delaware

---

[1] *Bradley v. State*, 135 A.3d 748 (Del. 2016).

Constitutions.[2]  Having engaged in the two-part analysis set forth in *Los v. Los*,[3] this Justice is satisfied that she can preside over this appeal in a manner free from any bias or prejudice and there is no objective appearance of partiality here.  Bradley's dissatisfaction with the Justice's rulings is not a basis for her recusal or disqualification.[4]  The other Justices on this Panel also see no basis for their colleague to disqualify herself, and view the motion as frivolous.

(2)    As to Bradley's petition for a writ of mandamus, the State has moved to dismiss the petition as moot because the Superior Court has ruled on Bradley's motions for postconviction relief.  The Superior Court denied Bradley's motions for postconviction relief, which the Superior Court treated as Bradley's second motion for postconviction relief, on May 18, 2017.  Bradley's petition for issuance of a writ of mandamus directing the Superior Court to rule on his motions for postconviction relief is therefore moot and must be dismissed.

---

[2] *Wheeler v. State*, 135 A.3d 282 (Del. 2016).

[3] 595 A.2d 381, 384-85 (Del. 1991) ("[T]he judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality.").

[4] *See, e.g.*, *Gattis v. State*, 955 A.2d 1276, 1286 (Del. 2008) ("Judicial rulings alone…are insufficient bases for recusal."); *In re Witrock*, 649 A.2d 1053, 1054 (Del. 1994) (recognizing a "judge's rulings alone almost never constitute a valid *per se* basis for disqualification on the ground of bias).

NOW, THEREFORE, IT IS ORDERED that the motion to recuse or disqualify is DENIED and the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice