IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | § | |
| OF DEBRA AND WILLIAM BENNETT | § | No. 225, 2017 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: June 21, 2017
Decided: July 26, 2017

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 26th day of July 2017, upon consideration of the petition of Debra and William Bennett for an extraordinary writ of mandamus and the responses thereto, it appears to the Court that:

(1)     The Bennetts seek to invoke the original jurisdiction of this Court to issue an extraordinary writ of mandamus directing the Superior Court to: (i) resolve undecided issues of fact and law pending in *Bennett v. The Plantations East Condominium Ass'n*, C.A. No. S10C-08-006 ("the Plantations East Action"); and (ii) enter a "full and final judgment" in the case. We conclude that the petition fails to invoke the Court's original jurisdiction. Thus, we dismiss.

(2)     The record reflects that the Bennetts filed a complaint in 2009 in the Court of Chancery against their condominium association, The Plantations East Condominium Association, and the condominium manager, Wilgus Associates (collectively, "the Association"), allegedly seeking to enforce a deed restriction. After the Court of Chancery dismissed the complaint for lack of subject matter

jurisdiction, the complaint was transferred to the Superior Court and the Bennetts added Philadelphia Indemnity Insurance Company ("PIIC"), the Association's insurance carrier, as a defendant.

(3)     On October 3, 2011, the Superior Court granted summary judgment in favor of the Association and entered the order as a final judgment under Superior Court Civil Rule 54(b).[1]  The Bennetts filed a notice of appeal on October 21, 2011 in No. 563, 2011.  In December 2011, the Bennetts' remaining claims against PIIC were consolidated with a companion action that the Bennetts had filed against their own insurance carrier, USAA Casualty Insurance Company ("USAA") in Superior Court C.A. No. S10C-02-010 ("the USAA Action").  After the appeal was briefed and argued, this Court concluded that there were interrelated and undecided issues of law and fact in the case against PIIC that needed to be resolved before the Court could consider the claims against the Association.  The Court dismissed the appeal, finding that the entry of judgment under Rule 54(b) was improvidently granted because there were just reasons for delay.[2]

(4)     On February 15, 2013, the Superior Court granted summary judgment to PIIC in the USAA Action.  The Bennetts filed a motion for clarification on March 6, 2013, requesting the Superior Court to clarify whether summary

---

[1] Del. Super. Civ. R. Proc. 54(b) allows the Superior Court to direct the entry of a final judgment upon one or more, but fewer than all, of the claims in a pending action upon an express determination that there is no just reason for delay.
[2] *Bennett v. Plantations East Condo. Assn.*, 2012 WL 1410270 (Del. Apr. 23, 2012).

2

judgment in PIIC's favor in the USAA Action constituted the final judgment in the Plantations East Action. The Superior Court granted the Bennetts' motion for clarification and, on April 19, 2013, directed the entry of a final judgment in PIIC's favor under Rule 54(b). Although the order was only docketed in the USAA Action, it is clear from the parties' filings that the Rule 54(b) judgment in PIIC's favor was the final judgment in the Plantations East Action. The Bennetts did not appeal that final judgment.

(5) Instead, nearly four years later, on March 30, 2017, the Bennetts filed a request for a scheduling conference in the Plantations East Action. The Superior Court denied the Bennetts' request, finding that there was nothing left open in the case to resolve. The Bennetts moved for reargument, which the Superior Court denied. The Bennetts then filed this petition for a writ of mandamus.

(6) This Court has authority to issue a writ of mandamus when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[3] When invoking this Court's original jurisdiction to issue extraordinary relief, the burden is upon the petitioner to establish *clear entitlement* to that relief and that no other adequate remedy is available.[4]

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994).

3

(7)     The Bennetts have failed to carry their burden in this case. The Bennetts could have appealed the summary judgment rulings in favor of the Association and PIIC when the Superior Court entered its final judgment under Rule 54(b) on April 19, 2013 in the companion USAA Action. The Bennetts requested and received clarification that the April 19, 2013 order was the final judgment in the Plantations East Action. Although the April 19, 2013 final judgment mistakenly was not docketed in the Plantations East Action, the Bennetts cannot rely upon that oversight to now attempt to appeal a judgment that is more than four years old. A writ of mandamus is not a substitute for a timely appeal.[5]

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *In re Noble*, 2014 WL 5823030, *1 (Del. Nov. 6, 2014).

4