IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE     §
PETITION OF KEINO CHRICHLOW     §   No. 269, 2019
FOR A WRIT OF MANDAMUS     §
    §

Submitted:    July 12, 2019
Decided:     September 16, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

Upon consideration of the petition for an extraordinary writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Keino Chrichlow, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus to compel the Superior Court to grant him a new trial. We conclude that the petition is without merit and must therefore be denied.

(2) The record reflects that, in June 2007, a Superior Court jury found Chrichlow guilty of sixteen counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, and one count of second degree conspiracy. The convictions stemmed from an orchestrated bank robbery in which Chrichlow and his co-defendants, Andre Bridgers and Craig Hunter, participated. Bridgers directed the robbery, Hunter held the bank customers at gunpoint, and Chrichlow drove the getaway vehicle.

(3) Post-trial and pre-sentencing, Chrichlow and Bridgers moved for judgment of acquittal, arguing that, as a matter of law, threatening bystanders while

taking money from a bank and its employees did not support a separate robbery count for each person so threatened. On October 19, 2007, the Superior Court granted the motion in part, holding that "someone who is merely a threatened bystander has not been robbed."[1] Accordingly, the Superior Court reduced the nine first degree robbery convictions relating to the bystanders to convictions for the lesser-included offense of aggravating menacing.

(4)    The Superior Court also considered the question of whether the robbery convictions relating to two bank employees—Carmela Gleason, whom Bridgers forced to order the tellers to leave their stations in order to facilitate the robbery, and Andrew Kirk, whom Bridgers ordered out of his office and frog-marched across the bank to where Hunter was holding the customers at bay—were legally sound. Ultimately, the court decided that "it is reasonably possible that had the jury been instructed more precisely as to Gleason and Kirk, it would have found [Chrichlow and Bridgers] guilty of aggravating menacing, not robbery."[2] The court gave the State the *option* of asking for a new trial on the robbery charges involving Gleason and Kirk or stipulating to the Superior Court's order's entry, thus preserving the State's right to appeal the court's order. If the State opted to stipulate to the order's entry, the court would reduce the robbery convictions involving Gleason and Kirk to aggravating menacing.

---

[1] *State v. Bridgers*, 988 A.2d 939, 944 (Del. Super. 2007), *aff'd* 2009 WL 824536 (Del. Mar. 30, 2009).

[2] *Id.*, at 945.

(5)     By way of letter dated October 26, 2007, the State indicated it would not be seeking a new trial on the Gleason and Kirk robbery charges. The case proceeded to sentencing and, in accordance with the Superior Court's October 19, 2017 order, Chrichlow was sentenced on five counts of first degree robbery, eleven counts of aggravated menacing, two counts of possession of a firearm during the commission of a felony, and one count of second degree conspiracy.

(6)     This Court has authority to issue a writ of mandamus when the petitioner can demonstrate he has a clear right to the performance of a duty, that no other adequate legal remedy is available, and that the trial court arbitrarily failed or refused to perform its duty.[3] When invoking this Court's original jurisdiction to issue extraordinary relief, the burden is on the petitioner to establish clear entitlement to that relief and that no other adequate remedy is available.[4]

(7)     There is no basis for the issuance of a writ of mandamus in this case. The Superior Court never ordered a new trial. While the court held Chrichlow was entitled to a new trial as to the victims Gleason and Kirk because it was possible the jury would have found him guilty of aggravating menacing—as opposed to robbery—if more precisely instructed, the court offered the State the option to stipulate to the court's entry of a reduction of those convictions to aggravated menacing. The State so opted and Chrichlow was sentenced accordingly. Chrichlow has not shown that the Superior Court arbitrarily failed or refused to

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994).

perform a duty owed to him, or that he was without an adequate remedy to address the claim he raises in his mandamus petition.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. Chrichlow's petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:


_/s/ Karen L. Valihura_
Justice

4