IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF AMIR FATIR (a/k/a | § | |
| STERLING HOBBS) FOR A | § | No. 398, 2019 |
| WRIT OF PROHIBITION | § | |

Submitted: October 9, 2019
Decided: November 22, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR,** Justices.

## <u>ORDER</u>

After consideration of the petition for a writ of prohibition and the answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Amir Fatir a/k/a Sterling Hobbs, seeks to invoke the original jurisdiction of this Court, pursuant to Supreme Court Rule 43, to issue a writ of prohibition to the Board of Pardons.  The State, as the real party in interest, has filed a response and moved to dismiss the petition.  After careful review, we find that Fatir's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2)     The Delaware Constitution "vests the Governor, upon recommendation of the Board of Pardons, with sole power to grant reprieves, commutations of sentence, and pardons."[1]  Fatir alleges that the Board of Pardons recommended a

---

[1] *State v. Culp*, 152 A.3d 141, 147 (Del. 2016) (citing Del. Const. Art. VII, § 1).

commutation of his life-without-parole sentence[2] to a life sentence with the possibility of parole in 1991, but the Governor did not follow this recommendation. According to Fatir, the Board of Pardons is requiring him to reapply for a recommendation. He contends that the Board of Pardons has exceeded its authority by requiring him to reapply for another positive recommendation on convictions and sentences that the Board already recommended be commuted in 1991. He seeks the issuance of a writ of prohibition to prevent the Board of Pardons from requiring that he reapply for a recommendation before he can apply to the Governor for a commutation of sentence.

(3) This Court's original jurisdiction to issue a writ of prohibition is limited to lower courts and judicial officers.[3] The Court lacks jurisdiction to issue a writ of prohibition to a non-judicial entity like the Board of Pardons.[4] Fatir's petition must therefore be dismissed.

---

[2] In 1976, a Superior Court jury found Fatir guilty of Murder in the First Degree and other crimes. The Superior Court sentenced Fatir to death. On October 22, 1976, this Court held that Delaware's Mandatory Death Penalty Statute was unconstitutional and that the sentence to be imposed upon all of the defendants, including Fatir, was life imprisonment without benefit of parole. *State v. Spence*, 367 A.2d 983 (Del. 1976).

[3] Del. Const. art. IV, § 11(5) ("To issue writs of prohibition, quo warranto, certiorari and mandamus to the Superior Court, and the Court of Chancery; or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same."); *In re Dickerson*, 2000 WL 1504928, at *1 (Del. Aug. 24, 2000) (recognizing that this Court's jurisdiction to issue a writ of prohibition is limited to when the respondent is a court or a judge).

[4] *See, e.g., In re Cobb,* 2014 WL 1365387, at *1 (Del. Apr. 4, 2014) ("[W]e have no jurisdiction to issue a writ of prohibition to the Board of Parole in the first instance."); *In re Evans*, 2002 WL 202441, at *1 (Del. Feb. 4, 2002) (holding this Court could not issue writ of prohibition to Department of Correction). *But see Superior Court v. State Pub. Emp't Relations Bd.*, 988 A.2d

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of prohibition is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

429, 434 n.14 (Del. 2010) (stating that writ of prohibition may issue to administrative body that performs judicial or quasi-judicial function). Even if this Court could issue a writ of prohibition to the Board of Pardons, Fatir has not demonstrated a clear entitlement to the relief sought. *In re Witrock*, 649 A.2d 1053, 1054 (Del. 1994) ("When this Court's original jurisdiction to issue an extraordinary writ is invoked, the burden is upon the petitioner to demonstrate a clear entitlement to that relief.").