# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **AMIR FATIR,** | : | C.A. No. K20M-01-015 NEP |
| | : | In and for Kent County |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **BOARD OF PARDONS,** | : | |
| | : | |
| Respondent. | : | |

Submitted: February 24, 2020
Decided: April 30, 2020

## ORDER

Upon consideration of the application to proceed *in forma pauperis* and of the Petition for Writ of Prohibition of Petitioner Amir Fatir (hereinafter "Mr. Fatir"),[1] the Court finds as follows:

Mr. Fatir, who is incarcerated at the James T. Vaughn Correctional Center, has filed a Petition for Writ of Prohibition, seeking an order from this Court that prohibits Respondent the Delaware Board of Pardons (hereinafter the "Board") from requiring that he seek another recommendation should he wish to receive a commutation of his life sentence in prison.[2] Having considered the application to proceed *in forma pauperis*, the Court finds that the application should be granted. The Court will next review the Petition pursuant to 10 *Del. C.* § 8803(b).

Pursuant to 10 *Del. C.* § 8803(b), if a complaint concerning which the Court has granted an application to proceed *in forma pauperis* is deemed to be factually frivolous,

---

[1] Mr. Fatir was once known as Sterling Hobbs. *Fatir v. Governor of State of Delaware*, 2019 WL 162567, at *1 n. 1 (Del. Super. Jan. 10, 2019).
[2] Mr. Fatir is serving a life sentence without parole due to a 1975 conviction. *Fatir v. Governor*, 2019 WL 162567, at *1.

1

legally frivolous, or malicious, the Court must dismiss it.[3] A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial."[4] A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[5] A claim is malicious when "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims."[6] The Court finds Mr. Fatir's claims to be legally frivolous and malicious.

Mr. Fatir asserts, *inter alia*, that on December 19, 1991, the Board voted unanimously to recommend to the Governor that Mr. Fatir's life sentence be commuted to life with the possibility of parole. However, according to Mr. Fatir, the Governor never rendered a decision on the recommendation, and to date the Board has required that if Mr. Fatir wishes to obtain a commutation of his sentence, he must "reapply for another positive recommendation."[7] Mr. Fatir did not include documentation to support this allegation. According to Mr. Fatir, the Board no longer has jurisdiction over his request for a commutation and has thereby "exceeded its authority."

A writ of prohibition is the legal equivalent of an injunction wherein the court issues the writ to prevent a lower tribunal possessing judicial powers from exceeding its jurisdiction.[8] A writ of prohibition is an extraordinary remedy[9] to be used only in cases of great necessity[10] and may only be issued if the lower tribunal's lack of

---

[3] 10 *Del. C.* § 8803(b).
[4] *Id.* § 8801(4).
[5] *Id.* § 8801(7).
[6] *Id.* § 8801(8).
[7] Fatir Pet. for Writ of Prohibition, at 3 (Dec. 24, 2019).
[8] *In re Webb*, 65 A.3d 617, 2013 WL 1871699, at *1 (Del. May 2, 2013) (TABLE).
[9] *Id.*
[10] *Knight v. Haley*, 176 A. 461, 465 (Del. 1934).

2

jurisdiction is manifest on the record[11] and the petitioner has no adequate alternative remedy at law to correct the alleged error.[12]

In *Fatir v. Governor of the State of Delaware*, this Court reviewed Mr. Fatir's petition for writ of mandamus, through which he had similarly brought claims related to the Board's unanimous recommendation on December 19, 1991, that Mr. Fatir's sentence be commuted to life with the possibility of parole.[13] Specifically, Mr. Fatir claimed that he was entitled to have the Governor act on the Board's recommendation.[14] This Court noted that Mr. Fatir was asking the Governor to act on a pardon application that was almost thirty years old, had failed to provide documentation to support his argument, and was seeking an action that was discretionary, and concluded that Mr. Fatir's petition was legally frivolous.[15]

In this case, Mr. Fatir seeks a writ of prohibition directed to the Board, not a writ of mandamus directed to the Governor. However, as in *Fatir*, he has failed to provide documentation to support his claims, including his contention that the Board is requiring him to obtain a new recommendation. In *Matter of Fatir*,[16] the Delaware Supreme Court denied Mr. Fatir's petition to that Court for a writ of prohibition to the Board[17] because the Supreme Court's original jurisdiction allows the issuance of writs of prohibition only to inferior courts and to judges of those courts.[18] The Superior

---

[11] *In re Webb*, 2013 WL 1871699, at *1.

[12] *In re Dennison*, 892 A.2d 1083, 2006 WL 197164, at *1 (Del. Jan. 24, 2006) (TABLE).

[13] *Fatir*, 2019 WL 162567, at *1.

[14] *Id.* at *2.

[15] *Id.*

[16] *Matter of Fatir*, 223 A.3d 95, 2019 WL 6271180 (Del. Nov. 22, 2019) (TABLE).

[17] In *Matter of Fatir*, as here, Mr. Fatir alleged that the Board had exceeded its authority "by requiring him to reapply for another positive recommendation." *Id.* at *1.

[18] *Id.* (citing Del. Const. art. IV. § 11(5) ("To issue writs of prohibition, quo warranto, certiorari and mandamus to the Superior Court, and the Court of Chancery; or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same.")).

Court's original jurisdiction is not explicitly limited in that way.[19] However, in *dicta*, the Supreme Court implied that, even if it possessed jurisdiction to issue a writ of prohibition to the Board, Mr. Fatir's petition would have failed because he had not shown "a clear entitlement to the relief sought."[20] Here, Mr. Fatir has likewise failed to demonstrate a clear entitlement to the extraordinary remedy he seeks, and therefore his petition is legally frivolous.

In addition, Mr. Fatir's complaint is malicious because it is "designed to vex, injure or harass"; it is "abusive of the judicial process"; and it "realleges pending or previously litigated claims."[21] Mr. Fatir's complaint is yet another frivolous suit that consumes the Court's time and diminishes its resources, and would threaten to harass the Board were it permitted to continue.[22] Moreover, Mr. Fatir's complaint realleges previously litigated claims because it contains essentially the same allegations as those previously considered, and rejected, by this Court and by the Supreme Court.[23]

---

[19] *See* Del. Const. art. IV. § 7 ("In all criminal prosecutions, the accused hath a right to be heard by himself or herself and his or her counsel, to be plainly and fully informed of the nature and cause of the accusation against him or her, to meet the witnesses in their examination face to face, to have compulsory process in due time, on application by himself or herself, his or her friends or counsel, for obtaining witnesses in his or her favor, and a speedy and public trial by an impartial jury; he or she shall not be compelled to give evidence against himself or herself, nor shall he or she be deprived of life, liberty or property, unless by the judgment of his or her peers or by the law of the land.").

[20] *Matter of Fatir*, 2019 WL 6271180, at *1 n. 4 (citing *In re Witrock*, 649 A.2d 1053, 1054 (Del. 1994) ("When this Court's original jurisdiction to issue an extraordinary writ is invoked, the burden is upon the petitioner to demonstrate a clear entitlement to that relief.")).

[21] 10 *Del. C.* § 8801(8). Although in the present case Mr. Fatir seeks a writ of prohibition in this Court, whereas in the other cited actions he had sought a writ of mandamus in this Court and a writ of prohibition in the Supreme Court, this Court nonetheless finds that Mr. Fatir has simply realleged his previous claims. Indeed, "[a] defendant is not entitled to have a court examine an issue that has been previously resolved simply because the claim is refined or restated." *Sanders v. State*, 115 A.3d 1215, 2015 WL 3766447, at *2 (Del. June 12, 2015) (internal quotations omitted). Here, Mr. Fatir appears to be trying a new method in his nearly thirty-year-old efforts to obtain a commutation. *See also Fatir v. Niedzielski*, 2010 WL 4688589 (Del. Ch. Nov. 17, 2010) (dismissing Mr. Fatir's complaint seeking, *inter alia*, order that Mr. Fatir's request for sentence commutation be granted).

[22] *See Fatir*, 2019 WL 162567, at *2 ("[Mr. Fatir's] claim has no legal merit and is therefore legally frivolous.").

[23] *Id.*; *Matter of Fatir*, 2019 WL 6271180, at *1 n. 4; *Fatir*, 2010 WL 4688589.

4

## CONCLUSION

For the foregoing reasons, Mr. Fatir's Petition for Writ of Prohibition is **DISMISSED** with prejudice, and service of process shall not issue.

Pursuant to 10 *Del. C.* § 8803(e), Mr. Fatir is enjoined from filing future claims without leave of this Court, and any future requests to file claims must be accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;

(2) The facts alleged are true and correct;

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlling law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.[24]

**IT IS SO ORDERED.**

_____/s/ Noel Eason Primos_____
Judge

NEP/wjs
*Via File & ServeXpress*
oc:    Prothonotary
       Counsel of Record
       file

---

[24] 10 *Del. C.* § 8803(e).

5