IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH BUTLER,[1] | § | |
| | § | No. 454, 2023 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN23-04160 |
| NOVA THOMAS, | § | Petition Nos. 23-18240 & 23-18992 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: September 6, 2024
Decided: November 4, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1)    The appellant, Kenneth Butler, filed this appeal from the Family Court's order accepting a commissioner's order that denied Butler's petition for a protection-from-abuse (PFA) order and granted a petition for a PFA order filed by the appellee, Nova Thomas.  We find no error or abuse of discretion in the Family Court's decision and therefore affirm.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     Butler and Thomas share a child together—a girl, born in February 2021 (the "Child"). On August 28, 2023, Thomas filed for a PFA order and moved for an emergency *ex parte* order, alleging that Butler had physically assaulted her, broken into her house, and stolen the tires from her vehicle. A Family Court commissioner granted Thomas's motion for an emergency *ex parte* order that day. On September 6, 2023, Butler filed for a PFA order and moved for an emergency *ex parte* order, claiming that Thomas had bitten his finger, punched him in the face, and broken his eyeglasses. A Family Court commissioner granted Butler's motion for an emergency *ex parte* order that day.

(3)     On September 27, 2023, a Family Court commissioner held a hearing on the parties' PFA petitions. After hearing testimony from Thomas, one of Thomas's adult cousins, Thomas's fourteen-year-old cousin, and a woman who was with Thomas on September 6, the commissioner: (i) granted Thomas's PFA petition; (ii) awarded temporary custody of the Child to Thomas; (iii) ordered Butler's visits with the Child to be supervised at the State visitation center; and (iv) denied Butler's PFA petition, thereby vacating the September 6, 2023 *ex parte* PFA order against Thomas. Butler filed a timely request for review of the commissioner's order. In an order dated November 7, 2023, the Family Court accepted the commissioner's order in its entirety. This appeal followed.

(4) When a party files a timely request for review of a commissioner's order, a Family Court judge must conduct an independent *de novo* review of the record to determine whether the portions of the commissioner's order to which an objection has been raised should be accepted, rejected, or modified in whole or in part.[2] Our review of a decision of the Family Court extends to a review of the facts and law, as well as inferences and deductions made by the trial judge.[3] Our duty is to review the sufficiency of the evidence and to test the propriety of the findings.[4] Findings of fact will not be disturbed on appeal unless they are clearly erroneous.[5] If the Family Court correctly applied the law to the facts, we review its decision for abuse of discretion.[6] "When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact."[7] To obtain a PFA order, a petitioner must establish by a preponderance of the evidence that the respondent has committed an act of domestic violence.[8]

(5) Butler's arguments on appeal may be fairly summarized as follows: (i) the Family Court erred when it granted Thomas's PFA petition; (ii) the Family Court

---

[2] 10 *Del. C.* § 915(d)(1).
[3] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[4] *Id.*
[5] *Id.*
[6] *Clark v. Clark*, 47 A.3d 513, 517 (Del. 2012).
[7] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019) (citations omitted).
[8] *Stuart v. Stuart*, 2017 WL 1090543, at *1 (Del. Mar. 22, 2017).

erred when it denied Butler's PFA petition; (iii) the Family Court commissioner was biased against him; and (iv) the Family Court violated his constitutional rights. Butler's claims are unavailing.

(6) By way of procedural background, although Butler listed the petition number for his PFA petition together with the petition number for Thomas's PFA petition on the form for his request for review of the commissioner's order, the objections he listed pertained only to the merits of Thomas's PFA petition. Accordingly, the Family Court did not discuss the merits of Butler's PFA petition in its order accepting the commissioner's order.[9]

(7) Turning first to Butler's general claim that the Family Court erred when it denied Thomas's PFA petition, we affirm the judgment below on the basis of and for the reasons cited by the Family Court in its order affirming the commissioner's order. In short, Thomas presented ample evidence to support the commissioner's finding that Butler had physically assaulted her, broken down her front door to enter her home, and removed her vehicle's front tires—all acts of domestic violence.[10] As to Butler's specific complaint that it was error to allow Thomas's fourteen-year-old

---

[9] 10 *Del. C.* § 915(d)(1) ("Any party … may appeal a final order of a Commissioner to a judge of the Court by filing and serving written objections to such order…. A judge of the Court shall make a de novo determination *of those portions of the Commissioner's order to which objection is made*.").

[10] *See* 10 *Del. C.* § 1041(1) (defining "abuse" as, among other things, "[i]ntentionally or recklessly causing … physical injury" and "[i]ntentionally or recklessly damaging, destroying, or taking the tangible property of another person"); *id*. § 1041(2) (defining "domestic violence" as abuse perpetrated by, among others, "persons living separate and apart with a child in common").

4

cousin to testify, the Family Court engaged in a colloquy with the child to assess whether she understood her obligation to tell the truth, and the child affirmed that she did. "[U]nder the Delaware Rules of Evidence[, a child] is presumed competent to testify once the trial judge is satisfied by voir dire that the child understood her obligation to tell the truth, and the difference between truth and falsehood."[11] The commissioner did not abuse her discretion by permitting Thomas's fourteen-year-old cousin to testify. And contrary to Butler's suggestion on appeal, the admission (or existence) of a police report or arrest record was not necessary to support the trial court's finding that Butler assaulted Thomas.

(8) Butler next claims that the Family Court improperly denied his PFA petition. But Butler acknowledges that he refused to testify at the PFA hearing, and he did not bring (or subpoena) any other witnesses to testify to any alleged abuse he suffered at Thomas's hands. Although Butler claimed that he had evidence with him that documented his injuries, he could not move for the admission of this evidence without a witness to lay a foundation. In short, there was no evidence in the record to support a finding that Thomas abused Butler—either on September 6, 2023 (the date he filed his PFA petition), or on any other date.

---

[11] *Ricketts v. State*, 488, A.2d 856, 857 (Del. 1985).

(9)    Butler also argues that the commissioner "act[ed] on her opinion and her personal feelings."[12]  We have carefully reviewed the transcript of the PFA hearing and can discern no evidence of bias on the part of the Family Court commissioner.  Moreover, Butler's claim of bias seems to be predicated entirely on the fact that the commissioner ordered that his visits with the Child be supervised.  But "a trial judge's rulings alone almost never constitute a valid *per se* basis for disqualification on the ground of bias."[13]

(10)    Finally, Butler claims that the Family Court violated his Sixth Amendment right to counsel and his Second Amendment right to bear arms.  We review these claims for plain error because they were not raised below—either during the PFA hearing or in Butler's objections to the commissioner's PFA order.[14]  There is no plain error here.  The Sixth Amendment to the United States Constitution is inapplicable—it applies to a defendant's right to counsel in a criminal prosecution.[15]  A PFA hearing is a civil proceeding, and there is no constitutional

---

[12] Opening Br. at 2.

[13] *In re Whittrock*, 649 A.2d 1053, 1054 (Del. 1994).

[14] Del. Supr. Ct. R. 8. ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[15] U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial …; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.").

right to counsel at State expense in civil proceedings.[16] Finally, under circumstances like those presented here, "the Second Amendment permits the disarmament of individuals who pose a credible threat to the physical safety of others."[17]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[16] *In re Estate of Hill*, 2005 WL 2473791, at *1 (Aug. 26, 2005).
[17] *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024).