IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ELIA THOMAS,[1] | § |
| | § No. 438, 2024 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK19-03114 |
| MARK COLLINS, | § Petition No. 24-12114 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: April 25, 2025
Decided: June 23, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief and the record on appeal, it appears to the Court that:

(1)     The appellant ("Mother") and the appellee ("Father") are the parents of a child born in 2017.  Since 2019, Mother and Father have litigated matters relating to the child in the Family Court.  In May 2024, Father filed a petition for a rule to show cause.  In the petition, Father alleged that Mother had violated a custody order granting him full custody by keeping the child in Georgia.  After Mother did not

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

appear for the scheduled hearing, the Family Court issued a capias to compel Mother's attendance at a hearing scheduled for September 20, 2024.

(2) Mother filed motions to participate remotely at the hearing, for recusal of the judge, and for a child interview. The Family Court denied the motions. Mother again moved to participate remotely, stating that she had to attend a hearing in Georgia on September 19, 2024. Given the scheduling conflict, the Family Court granted the motion.

(3) At the September 20, 2024 hearing, Father advised the court that the child was with him and withdrew his petition for a rule to show cause. Mother indicated that she intended to file a petition for custody of the child. On October 1, 2024, Mother filed a petition to modify custody.

(4) On appeal, Mother argues that the Family Court judge erred in denying her motion for recusal because his rulings against her show bias.[2] When deciding whether recusal is appropriate, a trial judge must undertake the two-step analysis in *Los v. Los*.[3] This analysis includes both a subjective and an objective test.[4] First, the judge must determine whether he is subjectively satisfied that he can hear the

---

[2] Mother also contends on appeal that there have been delays in service and scheduling for her petition for custody modification, but this contention is outside the scope of this appeal because it is currently pending in the Family Court.

[3] 595 A.2d 381 (Del. 1991).

[4] *Id.* at 384-85.

case free of bias or prejudice concerning the party seeking recusal.[5] Second, if the judge subjectively believes that he has no bias, the judge must determine whether there is the appearance of bias sufficient to cause objective doubt as to the judge's impartiality.[6] This Court reviews the judge's analysis of the subjective test for abuse of discretion and the judge's application of the objective test *de novo*.[7]

(5) In denying Mother's motion for recusal, the Family Court judge applied *Los* and concluded that he could proceed with the case free of bias or prejudice and that there was no appearance of bias sufficient to cause doubt as to his impartiality. The record does not support a conclusion that the Family Court judge abused his discretion by finding he was not subjectively biased. Nor was there an appearance of bias sufficient to cause objective doubt as to the judge's impartiality. Contrary to Mother's contentions, a judge ruling adversely to a party does not establish judicial bias against that party.[8]

---

[5] *Id.*

[6] *Id.* at 385.

[7] *Gattis v. State*, 955 A.2d 1276, 1285 (Del. 2008).

[8] *See, e.g., Layton v. Layton*, 2019 WL 2078346, at *3 (Del. May 10, 2019) (rejecting the appellant's argument that the judge exhibited bias against her by ruling against her); *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994) ("[A] trial judge's rulings alone almost never constitute a valid *per se* basis for disqualification on the ground of bias.").

3

NOW, THEREFORE, IT IS ORDERED that the Family Court's judgment is affirmed.

BY THE COURT:

_/s/ N. Christopher Griffiths_
Justice