**In the Matter of the Petition of Michael C. HOVEY for a Writ of Prohibition.**

Supreme Court of Delaware.

Submitted: June 29, 1988.
Decided: July 19, 1988.

Jerome O. Herlihy, of Herlihy & Wier, Wilmington, for petitioner.

Richard E. Fairbanks, Jr., Deputy Atty. Gen., Wilmington, for respondent.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This matter comes before the Court as result of the petition of Michael C. Hovey ("Hovey") for a writ of prohibition. Hovey has applied to this Court for a writ prohibiting the Superior Court from trying him on a number of drug-related offenses. Hovey asserts that the federal constitutional bar against double jeopardy and the provisions of a State statute preclude his pending trial in the Superior Court.[1] We have concluded that this Court should not issue a writ of prohibition in this case based upon the record presented.

*Facts*

On December 15, 1985, Hovey was taken into custody by both Delaware and federal law enforcement authorities. On January 7, 1986, Hovey was indicted in the United States District Court for the District of Delaware and charged with six counts of drug-related offenses and two counts of using a telephone communication to facilitate distribution of drugs. On February 5, 1986, pursuant to a plea agreement, Hovey pled guilty to two counts of manufacturing and distributing 3–methylfentanyl in exchange for the federal government dismissing the remaining counts of the indictment.

On March 5, 1986, Hovey was sentenced to two consecutive nine-year terms of imprisonment. Immediately thereafter, he began serving those sentences. On November 24, 1987, the U.S. District Court of Delaware vacated Hovey's convictions and sentences. *United States v. Hovey,* 674 F.Supp. 161 (D.Del.1987). The basis for that decision was a finding that the U.S. District Court lacked subject matter jurisdiction to convict Hovey on those offenses to which he had pled guilty. *Id.* at 162.

On January 6, 1988, Hovey was indicted by the State of Delaware. Hovey is charged with the manufacture, delivery, trafficking and possession with the intent to deliver 3–methylfentanyl and methamphetamine, and the possession of a deadly weapon during the commission of a felony. The allegations in the State indictment involve the same conduct that had originally been thought to constitute violations of federal law.

In February and March 1988, Hovey filed numerous motions to dismiss the State's indictment and motions for discovery, disclosure of the grand jury testimony, suppression of evidence and leave to file additional pretrial motions. The Superior Court denied all of Hovey's motions. The only decision at issue in the proceeding before this Court is the Superior Court's denial of Hovey's motion to dismiss the State's indictment on the grounds of double jeopardy.

*Appellate Criminal Jurisdiction*

This Court's jurisdiction to review Superior Court proceedings *on appeal* in criminal matters is limited to cases in which a final judgment has been rendered. Del. Const. art. IV, § 11(1)(b). For the purpose of appeal to this Court, a criminal proceeding becomes final on the date the sentence is imposed by the trial judge. *Eller v. State,* Del.Supr., 531 A.2d 948, 950 (1987). The Superior Court's denial of Hovey's motion to dismiss the indictment constitutes an interlocutory ruling in a criminal proceeding. Since this Court does not

---

1. U.S. Const. amend. V; 16 *Del.C.* § 4760.

have jurisdiction to receive an interlocutory appeal in a criminal case, a writ of prohibition may not be used to accomplish indirectly what may not be done directly. *Hodsdon v. Superior Court*, Del.Supr., 239 A.2d 222, 224–25 (1968); *Steigler v. Superior Court*, Del.Supr., 252 A.2d 300, 302–03, *cert. denied*, 396 U.S. 880, 90 S.Ct. 160, 24 L.Ed.2d 139 (1969). That is, it may not be used to circumvent the constitutional limitation on the appellate jurisdiction of this Court to review only those criminal proceedings which have become final. *Hodsdon v. Superior Court*, 239 A.2d at 224.

### Writ of Prohibition

Therefore, we must examine the original jurisdiction of this Court to issue a writ of prohibition as it exists independent of this Court's appellate jurisdiction. *See* Del. Const. art. IV, § 11(6); Supr.Ct.R. 43. The writ of prohibition is of ancient origin. Originally, writs of prohibition were issued out of the Court of King's Bench of England, which corresponds to the Supreme Court of this State. *Fouracre v. White*, Del.Supr., 102 A. 186, 191 (1917). The purpose of a writ of prohibition is to keep particular courts within the limits of their own jurisdiction. *Id.* "[T]he writ of prohibition at law, though known as an 'extraordinary remedy', is in effect ... the legal equivalent of the equitable remedy of injunction." *Abrahams v. Superior Court*, Del.Supr., 131 A.2d 662, 670–71 (1957). "[I]t is directed ... to a court, not to an individual, and it is used only in cases where a jurisdictional question is presented." *Id.* at 671. The Rules of this Court permit the trial judge to appear and participate in prohibition proceedings at his or her discretion. Supr.Ct.R. 43(b)(ii).[2]

The writ of prohibition is designed primarily to keep the administration of justice in orderly channels. It prevents the unwarranted assumption of power over persons or matters which are not within the legitimate cognizance of a particular tribunal, or it prevents a tribunal from exceeding its jurisdiction in matters over which it admittedly has cognizance. *Canaday v.*

*Superior Court*, Del.Supr., 116 A.2d 678, 681 (1955), *quoted in Matushefske v. Herlihy*, Del.Supr., 214 A.2d 883, 885 (1965). It is a general rule that a writ of prohibition will not be issued unless the attention of the trial court "has been called to the alleged lack of jurisdiction, or it has indicated in some fashion its intent to proceed." *Matushefske v. Herlihy*, 214 A.2d at 885.

This Court has authority to issue a writ of prohibition to prevent any court in this State from exceeding the limits of its jurisdiction in either a civil or a criminal proceeding. Del. Const. art. IV, § 11(6); *Bennethum v. Superior Court*, Del.Supr., 153 A.2d 200, 203 (1959); *Canaday v. Superior Court*, 116 A.2d at 680–81. Therefore, the fact that this Court does not have jurisdiction to receive an interlocutory appeal in a criminal case does not defeat the right of one accused of a crime to seek relief by prohibition from this Court when the jurisdiction of a trial court is challenged in a criminal proceeding. Nevertheless, since prohibition is an extraordinary remedy, this Court is reluctant to grant such a writ unless the lack of jurisdiction of the trial court is manifestly apparent on the record. *Hodsdon v. Superior Court*, 239 A.2d at 225.

### Writ of Prohibition in Criminal Proceedings

A writ of prohibition will not be issued if the petitioner has another adequate and complete remedy at law to correct the act of the trial court which is alleged to be erroneous. *Canaday v. Superior Court*, 116 A.2d at 682. The right to appeal a criminal conviction is *generally* considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding. *See id.* at 682–83; *Bennethum v. Superior Court*, 153 A.2d at 203; 63A Am.Jur.2d *Prohibition* § 15 (1984). However, there is authority that an error in the assumption of jurisdiction over a party *may* be corrected by means of a writ of prohibition, even though the party over whom jurisdiction has wrongly been

2. The trial judge in this case has not elected to    participate in these proceedings.

assumed has an ultimate remedy to correct such action by the ordinary course of appellate review. *Canaday v. Superior Court,* 116 A.2d at 682–83.

In considering what constitutes sufficient circumstances to compel the issuance of a writ of prohibition in a criminal proceeding, courts have held that the existence of the right of appeal after a conviction does not adequately redress a double jeopardy claim when the trial and appeal of a criminal case is likely to be prolonged. *See* 63A Am.Jur.2d *Prohibition* § 15; Annotation, *Former Jeopardy as Ground for Prohibition,* 94 A.L.R.2d 1048, 1065–67 (1964). *Cf. Canaday v. Superior Court,* 116 A.2d at 682–83. A trial would be a futile procedure if it would inevitably be determined on appeal that the trial court lacked jurisdiction to hear the case. *Bennethum v. Superior Court,* 153 A.2d at 203; *Canaday v. Superior Court,* 116 A.2d at 683.

■■■■ This Court has acknowledged that the remedy of appeal in a criminal case may be inadequate when the lack of jurisdiction of the trial court is clear and unmistakable. *Bennethum v. Superior Court,* 153 A.2d at 203. *Cf. Canaday v. Superior Court,* 116 A.2d at 682–83. However, given the fact that there is an adequate and complete remedy following a criminal conviction by appeal, the ultimate grant or refusal of a petition for a writ of prohibition in a criminal case rests within the sound discretion of this Court. The decision to grant or deny the petition is determined in light of the circumstances of each particular case. *Canaday v. Superior Court,* 116 A.2d at 682–83. In a writ of prohibition proceeding, the petitioner has the burden of demonstrating to this Court, by clear and convincing evidence, that the action contemplated by the trial court is in excess of its jurisdiction.

### This Case

Hovey argues that his pending trial is barred by State and federal prohibitions against double jeopardy. The State has filed an answer to Hovey's petition for a writ of prohibition. The State acknowledges that the charges scheduled for trial in the Superior Court involve the same conduct as the federal offenses to which Hovey pled guilty and which have now been dismissed by the U.S. District Court. However, the State denies that Hovey's Superior Court trial is barred by any double jeopardy considerations.

■■■■ The State argues that Hovey's pending trial in the Superior Court falls within the "dual sovereignty doctrine" exception to the double jeopardy bar to prosecution. The United States Supreme Court has recognized that separate jurisdictions may prosecute and punish violations in their respective jurisdictions. *Bartkus v. Illinois,* 359 U.S. 121, 122–37, 79 S.Ct. 676, 677–85, 3 L.Ed.2d 684 (1959); *Abbate v. United States,* 359 U.S. 187, 193–95, 79 S.Ct. 666, 669–71, 3 L.Ed.2d 729 (1959); *Heath v. Alabama,* 474 U.S. 82, 88–93, 106 S.Ct. 433, 437–40, 88 L.Ed.2d 387 (1985). If the conduct of the person constitutes a violation of the laws of more than one jurisdiction, each jurisdiction may prosecute the violation. *Bartkus v. Illinois,* 359 U.S. at 122–37, 79 S.Ct. at 677–85; *Abbate v. United States,* 359 U.S. at 193–95, 79 S.Ct. at 669–71; *Heath v. Alabama,* 474 U.S. at 88–93, 106 S.Ct. at 437–40. The "dual sovereignty doctrine" has been held to apply to situations when one jurisdiction is a State and the other jurisdiction is the United States. *Bartkus v. Illinois,* 359 U.S. at 122–37, 79 S.Ct. at 677–85; *Abbate v. United States,* 359 U.S. at 193–95, 79 S.Ct. at 669–71.

Hovey has also asserted that the vacation of his federal conviction and sentence constitutes an acquittal, within the meaning of 16 *Del.C.* § 4760,[3] which would serve as a bar to the pending State changes. The State argues that the vacation of an invalid judgment will not ordinarily sustain a plea

---

**3.** Section 4760 provides:
   If a violation of this chapter is a violation of federal law or the law of another state, a conviction or acquittal under federal law or

the law of another state for the same act is a bar to the prosecution in this State.
16 *Del.C.* § 4760.

of former jeopardy and acquittal. *See* 11 *Del.C.* §§ 207(3), 209(1), 210(1); *State v. Boyles,* Del.Ct.Gen.Sess., 181 A. 362, 363 (1935). *See also Grafton v. United States,* 206 U.S. 333, 27 S.Ct. 749, 751, 51 L.Ed. 1084 (1907); *Ball v. United States,* 163 U.S. 662, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896); *Mitchell v. Youell,* 130 F.2d 880, 882 (4th Cir.1942). This is especially true if a prior conviction has been reversed upon proceedings brought by the accused himself. *See State v. Boyles,* 181 A. at 363.

The Superior Court reviewed both the legal and the factual basis for Hovey's claim of double jeopardy in its opinion denying all of Hovey's motions. The trial court concluded that Hovey's pending trial is not barred by any constitutional or statutory double jeopardy provision. The trial court concluded that the State has an independent right to prosecute Hovey. Thus, the Superior Court decided that it has jurisdiction to proceed and hear the pending State charges against Hovey.

### *Conclusion*

■ Given the basis of Hovey's claim of double jeopardy and the factual findings by the trial judge, the present petition for a writ of prohibition does not present a case which clearly *requires* the dismissal of the indictments against Hovey on double jeopardy grounds. Therefore, we find that Hovey has not sustained his burden of demonstrating to this Court by clear and convincing evidence that the trial court is without jurisdiction to conduct his trial. Since we find that the "probability of a lack of jurisdiction of the Superior Court is not [manifestly] apparent on the record before us in the instant case," we cannot find that the Superior Court's assertion of jurisdiction to conduct Hovey's trial is clearly erroneous. *Hodsdon v. Superior Court,* 239 A.2d at 225.

In the exercise of our discretion, we decline to issue the extraordinary writ of prohibition to prevent Hovey's pending trial in the Superior Court. Hovey's petition for a writ of prohibition is DENIED.