**In the Matter of the Petition of Michael T. HYSON for a Writ of Prohibition.**

No. 395, 1994.

Supreme Court of Delaware.

Submitted: Oct. 14, 1994.
Decided: Nov. 7, 1994.

Michael T. Hyson, pro se.

Richard E. Fairbanks, Jr., Deputy Atty. Gen., Wilmington, for respondent.

Before VEASEY, C.J., HOLLAND, and BERGER, JJ.

HOLLAND, Justice:

In January 1992, the complainant, Michael T. Hyson ("Hyson"), entered a plea of guilty to one count of Unlawful Sexual Intercourse in the First Degree. In February 1993, the Superior Court sentenced Hyson to twenty years of imprisonment, to be suspended after fifteen years for reducing levels of confinement. On July 21, 1994, Hyson filed a mo-

tion in the Superior Court requesting that copies of his plea agreement, guilty plea transcript, and sentencing transcript be provided to him at public expense. The Superior Court denied Hyson's motion.

Hyson now seeks to invoke the original jurisdiction of this Court, pursuant to Supreme Court Rule 43, with his *pro se* petition for an extraordinary writ. Hyson requests this Court to issue a writ of prohibition to the Superior Court to compel production of the requested materials for Hyson at public expense. Hyson contends that he needs the requested documents and transcripts in order to prepare a postconviction petition challenging the voluntariness of his guilty plea. The State has filed an answer and a motion to dismiss Hyson's petition.

██ A writ of prohibition is the legal equivalent of an injunction. Such writs are issued to prevent an inferior court from exceeding the limits of its jurisdiction. *In re Hovey,* Del.Supr., 545 A.2d 626, 628 (1988); *Matushefske v. Herlihy,* Del.Supr., 214 A.2d 883, 885 (1965). In this case, the Superior Court clearly had jurisdiction to rule upon Hyson's request for copies of documents and transcripts from its own records at public expense. A writ of prohibition is therefore not appropriate in this case.

██ The substance of Hyson's petition before this Court reflects that Hyson does not seek a writ of prohibition, but, in fact, seeks a writ of mandamus. A writ of mandamus is issued to compel an inferior court to perform a duty. As a condition precedent to the issuance of that extraordinary writ, it must be demonstrated to this Court: that the complainant has a clear right to the performance of the duty; that no other adequate remedy is available; and that the trial court has arbitrarily failed or refused to perform its duty. *In re Bordley,* Del.Supr., 545 A.2d 619, 620 (1988). A writ of mandamus is also inappropriate under the circumstances presented because Hyson has an adequate remedy at law available to him.

██ Pursuant to Superior Court Criminal Rule 61, Hyson may file a petition for postconviction relief challenging the voluntariness of his guilty plea. As part of that Rule 61 petition, Hyson may request, and the Superior Court may order, the preparation of any transcript needed to determine the merits of the petition. Super.Ct.Crim.R. 61(d)(3). If Hyson's postconviction petition is unsuccessful on the merits, Hyson may then appeal to this Court for a review of that final judgment, as well as any interlocutory judgment relating to the denial of a request for documents and transcripts.

Consequently, the issuance of a writ of mandamus, or any other extraordinary writ, is not an appropriate form of relief in this case because Hyson has an adequate remedy at law, pursuant to Superior Court Criminal Rule 61. Therefore, Hyson's petition for the issuance of an extraordinary writ is DENIED. The State's motion to dismiss is GRANTED.