# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF THOMAS E. §  No. 513, 2014
NOBLE FOR A WRIT OF §
MANDAMUS. §

Submitted: October 8, 2014
Decided: November 6, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## O R D E R

This 6th day of November 2014, upon consideration of the petition for a writ of mandamus filed by Thomas E. Noble and the answer and motion to dismiss filed by the State of Delaware, it appears to the Court that:

(1) In January 2014, the petitioner, Thomas E. Noble, was indicted on twenty-five counts of Dealing in Child Pornography.[1] In February 2014, Noble was granted leave to proceed *pro se* in the Superior Court and standby counsel was appointed to assist him.[2]

(2) In May 2014, the Superior Court held a hearing on a number of motions filed by Noble.[3] At the conclusion of the hearing, the Superior Court continued the final case review and trial that were scheduled for June 2 and June 10, 2014, respectively. Thereafter, in August 2014, the Superior

---

[1] Docket at 3, *State v. Noble*, Del. Super., Cr. ID No. 1311014361 (Jan. 6, 2014).

[2] *Id.* Docket at 10 (Feb. 24, 2014).

[3] *Id.* Docket at 35 (May 19, 2014).

Court ordered that Noble undergo a psychiatric and psychological evaluation.[4] The evaluation is pending.

(3)   Unhappy with the Superior Court, Noble has filed the within mandamus petition asking this Court to stay the Superior Court proceedings, grant all of his unopposed motions, reduce his bail, replace his standby counsel, vacate the orders issued by the judge assigned to the case, and appoint a different judge.  Noble has not satisfied the criteria for the issuance of a writ of mandamus.

(4)   A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[5]  Relief is granted only when the petitioner demonstrates that the trial court has arbitrarily failed or refused to perform a duty, and that the petitioner has no other remedy.[6]  This Court will not issue a writ of mandamus to dictate the control of a trial court docket or to require a trial court to decide a matter in a particular way.[7] Also, a petition for a writ of mandamus may not be used as a substitute for an appeal.[8]

---

[4] *Id.*  Docket at 49 (Aug. 5, 2014).

[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[6] *Id.*

[7] *Id.*

[8] *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

2

(5)     In his mandamus petition, Noble has not demonstrated that he has a clear right to the relief he seeks, *e.g.*, a stay of the Superior Court proceedings, a reduction of bail, a dismissal of the indictment, a change of venue, different standby counsel, and a different judge assigned to his case, or that the Superior Court has arbitrarily failed or refused to perform a duty owed to him.  Also, Noble has not demonstrated that he is without a remedy. "The right to appeal a criminal conviction is generally considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[9]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED.  The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[9] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).