# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF PHILIP R. SHAWE §
FOR A WRIT OF MANDAMUS § No. 673, 2015
OR A WRIT OF PROHIBITION OR §
A WRIT OF CERTIORARI §

Submitted: January 6, 2016
Decided: January 22, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN** Justices.

## O R D E R

This 22nd day of January 2016, upon consideration of the petition of Philip Shawe for an extraordinary writ of mandamus, prohibition, or certiorari, it appears to the Court that:

(1)     Shawe seeks to invoke the original jurisdiction of this Court to issue an extraordinary writ directing the Court of Chancery to vacate its November 13, 2015 order compelling Shawe to return certain privileged documents. Shawe contends that the Court of Chancery's order is a form of prior restraint and violates his First Amendment rights. Elizabeth Elting, the opposing party in the Court of Chancery's consolidated proceedings, has filed a response requesting that Shawe's petition be dismissed or denied.

(2)     A writ of mandamus is an extraordinary form of relief that this Court may issue to compel a trial court to perform a duty if the petitioner can demonstrate that: (i) the petitioner has a clear right to the performance of the

duty; (ii) no other adequate remedy is available; and (iii) the trial court arbitrarily failed or refused to perform the duty it owes to the petitioner.[1] A writ of prohibition, on the other hand, is the legal equivalent of an injunction.[2] Its purpose is to keep a trial court within the limits of its own jurisdiction.[3] A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[4] This Court has original jurisdiction to issue a writ of certiorari to review a final order of a trial court where the right of appeal is denied, a grave question of public policy is involved, and no other basis for review is available.[5]

(3)    The burden is upon the petitioner to establish these threshold requirements when seeking to invoke this Court's original jurisdiction to issue extraordinary relief.[6] If the threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed.[7]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *In re Hyson*, 649 A.2d 807, 808 (Del. 1994).

[3] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).

[4] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).

[5] *Id.* at 437-38.

[6] *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994).

[7] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

(4)     Shawe has failed to carry his burden in this case. Shawe has not clearly established that the Court of Chancery exceeded its jurisdiction in ordering the return of the documents[8] or that he has a clear right to have the order vacated. Moreover, Shawe has an adequate remedy in the appellate process to seek review of the Court of Chancery's ruling once a final judgment is entered in the case.[9]

NOW, THEREFORE, IT IS ORDERED that Shawe's petition for a writ of mandamus or prohibition or certiorari is DISMISSED. Shawe's motion seeking a stay of the Court of Chancery's order is MOOT.

BY THE COURT:

_____
Justice

---

[8] *Wal-Mart Stores, Inc. v. Indiana Elec. Workers Pension Trust Fund IBEW*, 95 A.3d 1264, 1282 (Del. 2014).

[9] *In re Hyson*, 649 A.2d at 808.