IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE    §
PETITION OF PHILIP R. SHAWE    § No. 624, 2015
FOR A WRIT OF MANDAMUS    §
OR A WRIT OF PROHIBITION    §

Submitted: December 10, 2015
Decided:   January 22, 2016

Before **HOLLAND, VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 22nd day of January 2016, upon consideration of the petition of Philip Shawe for an extraordinary writ of mandamus or prohibition, it appears to the Court that:

(1)    Shawe seeks to invoke the original jurisdiction of this Court to issue an extraordinary writ directing the Court of Chancery either to: (i) restrict a scheduled sanctions hearing to compensatory damages only; or (ii) empanel a jury to decide issues of fact at the sanctions hearing. Elizabeth Elting, the opposing party in the Court of Chancery consolidated proceedings, has filed a response requesting that Shawe's petition be dismissed or denied.

(2)    The record reflects that the Court of Chancery scheduled the sanctions hearing after finding that Shawe had improperly obtained Elting's email correspondence (some which were privileged attorney-client

communications) and because of a series of alleged acts of discovery abuses that occurred throughout the underlying litigation including spoliation of evidence and failure to safeguard evidence. At a hearing on November 10, 2015, the Court of Chancery denied Shawe's peremptory motion to limit the monetary sanctions or to transfer the sanctions hearing to the Superior Court for a jury trial. The court held that the potential sanction was not, as Shawe argued, criminal in nature but was a civil sanction that was within the trial court's authority to issue to address vexatious conduct and discovery abuse.

(3) This Court has authority to issue a writ of mandamus when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[1] A writ of prohibition, on the other hand, is the legal equivalent of an injunction.[2] Its purpose is to keep a court within the limits of its own jurisdiction.[3] When invoking this Court's original jurisdiction to issue extraordinary relief, the burden is upon the petitioner to establish *clear entitlement* to that relief and that no other adequate remedy is available.[4]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *In re Hyson*, 649 A.2d 807, 808 (Del. 1994).

[3] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).

[4] *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994).

(4)     Shawe has failed to carry his burden in this case.    We previously have held that the Court of Chancery's equitable powers include shifting attorneys fees when necessary to control the court's own processes.[5] The Court of Chancery clearly has jurisdiction to hold a hearing on Elting's motion for sanctions.  Moreover, to the extent that the Court of Chancery rules against Shawe following that hearing, Shawe has an adequate remedy in the appellate process to seek review of that ruling.[6]

NOW, THEREFORE, IT IS ORDERED that Shawe's petition for a writ of mandamus or prohibition is DISMISSED.

BY THE COURT:

Justice

---

[5] *Black v. Staffieri*, 2014 WL 814122 (Del. Feb. 27, 2014); *Gatz Properties, LLC v. Auriga Capital Corp.*, 59 A.3d 1206, 1221-22 (Del. 2012).

[6] *In re Hyson*, 649 A.2d at 808.