IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE           §
PETITION OF GEORGE K.          §        No. 323, 2017
TRAMMELL III, FOR A WRIT OF    §
PROHIBITION                    §

Submitted: September 1, 2017
Decided:   September 25, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### ORDER

This 25th day of September 2017, upon consideration of the petition for a writ of prohibition filed by George K. Trammell III and the answer filed by the Department of Finance of Sussex County, it appears to the Court that:

(1)     On August 15, 2017, George K. Trammell III filed a petition asking this Court to issue a writ of prohibition to the Superior Court to prevent a sheriff's sale of real property (hereinafter "the Property") in which Trammell claims an interest.[1] The Property is located on Eskridge Road in Seaford, Delaware.

(2)     The Department of Finance of Sussex County (hereinafter "the Department") filed a monition action against the Property for unpaid property taxes for the years 2010 through 2015.[2] The complaint named "Clifford E.

---

[1] *See generally* Del. Code Ann. tit. 9, Subchapter II (2006 & Supp. 2017) (governing Monition Method of Sale).
[2] *Id.* 9 *Del. C.* § 8722.

Polk Heirs c/o Joann Carroll" as the persons against whom the tax assessments were made, and "Eulalia Derrickson and Corine Hollanworth" as the fee owners of the Property.

(3)     On July 18, 2017, the Prothonotary issued a writ of monition, which ordered the Sheriff of Sussex County to post the monition on the Property.[3]  The monition showed that the Property had been seized and warned that it would be sold at a public sale unless the taxes were paid.  When no answer, motion or objection was filed, the Department filed a praecipe on August 18, 2017, seeking the issuance of a writ of *venditioni exponas*— namely, a writ of execution—ordering the Sheriff to expose the Property to public sale.[4]

(4)     A writ of prohibition is the legal equivalent of an injunction.[5] Its purpose is to keep a trial court within the limits of its own jurisdiction.[6]  When invoking this Court's jurisdiction to issue a writ of prohibition to a trial court, the burden is on the petitioner to establish both a clear entitlement to the relief sought and that no other adequate remedy is available.[7]

---

[3] *Id.* § 8723.
[4] *Id.* § 8725 (Supp. 2017).
[5] *In re Shawe*, 2016 WL 278857 (Del. Jan. 22, 2016) (citing *In re Hyson*, 649 A.2d 807, 808 (Del. 1994)).
[6] *Id.* (citing *In re Hovey*, 545 A.2d 626, 628 (Del. 1988)).
[7] *Id.* (citing *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994)).

(5)    Trammell claims an interest in the Property for two reasons. He states that he is an heir of Clifford E. Polk, and he contends that he paid property taxes on the Property in 2014 and 2016.

(6)    Trammell has not met the threshold requirements for the issuance of a writ of prohibition. Trammell offers no basis upon which to question the Superior Court's jurisdiction in the monition action, and he has not demonstrated that he is without an adequate remedy.

(7)    In his petition in this Court, Trammell identified himself as an "intervenor" in the monition proceedings. To date, the Superior Court docket does not reflect that Trammell filed a motion to intervene in the monition action.[8] If Trammell intends to intervene in the monition action, he must file a motion to intervene in the Superior Court.

NOW, THEREFORE, IT IS ORDERED, that the petition for a writ of prohibition is DISMISSED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[8] *See Sussex County v. Polk*, Del. Super., C.A. No. S17T-07-004 (copy of Superior Court case docket attached as Exhibit A).

3

## Case History Search
Search Created:
9/22/2017 12:49:45 GMT-0400 (Eastern
Daylight Time)

| | | | |
|---|---|---|---|
| **Court:** DE Superior Court-Sussex County | **Judge:** *Judgment, Judge Sussex | **File & ServeXpress Live Date:** | 7/18/2017 |
| **Division:** | **Case Number:** S17T-07-004 | **Document(s) Filed:** | 9 |
| **Case Type:** Judgment: Monitions | **Case Name:** SUSSEX COUNTY VS. CLIFFORD E. POLK | **Date Range:** | All |

Linked Case(s): 323.2017 [View Case History]

1-3 of 3 transactions  <<Prev Page 1 of 1 Next>>

| Transaction ▼ | Date/Time | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|---|
| 61003866 | 8/18/2017 9:53 AM EDT | File Only | S17T-07-004 SUSSEX COUNTY VS. CLIFFORD E. POLK | Jason W Adkins, Moore & Rutt PA | 3 | Judgment - Execution Monition Vend Exp | Vend Ex | 0.2MB |
| | | | | | | Exhibit | Exhibit A Tax Map | 0.3MB |
| | | | | | | Praecipe | Praecipe | 0.1MB |
| 60906078 | 7/27/2017 2:10 PM EDT | File And Serve | S17T-07-004 SUSSEX COUNTY VS. CLIFFORD E. POLK | Brian BC Clairmont, DE Superior Court-Sussex County | 2 | Sheriffs Return | WRIT RETURNED 7-27-2017 MONITION WAS POSTED ON THE PROPERTY ON 7-26-2017 | 0.1MB |
| 60865543 | 7/18/2017 11:43 AM EDT | File Only | S17T-07-004 SUSSEX COUNTY VS. CLIFFORD E. POLK | Jason W Adkins, Moore & Rutt PA | 1 | Judgment Complaint - Monition | COMPLAINT FOR ENTRY OF JUDGMENT ON MONITION FILED. TAX MAP PARCEL NO. 3-31-4.00-67.00 DESCRIPTION: 22612 ESKRIDGE ROAD, MIDDLEFORD GREENS ML, W/RT 531, 1300' N/RT 46, SEAFORD, DE 19973 TAX YEARS: 2010-2015 AMOUNT: $1,509.87 (JASON ADKINS) | 0.2MB |
| | | | | | | Exhibit | EXHIBIT A TAX MAP | 0.3MB |
| | | | | | | Exhibit | EXHIBIT B BILLING | 0.2MB |
| | | | | | | Praecipe | PRAECIPE | 0.1MB |
| | | | | | | Writ | MONITION WRIT | 0.1MB |

1-3 of 3 transactions  <<Prev Page 1 of 1 Next>>

## Exhibit A