IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION FOR A WRIT OF | § | No. 372, 2018 |
| MANDAMUS BY HALL ALTON | § | |
| CANNON | § | |

Submitted: July 26, 2018
Decided: September 4, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the petition of Hall Alton Cannon for an extraordinary writ of mandamus and the State's response in opposition, it appears to the Court that:

(1) Cannon filed a document entitled "(Peremptory) Writ of Mandamus." Although it is not entirely clear, it appears that Cannon is asking this Court to issue a writ of mandamus directing the Superior Court to declare that Cannon is not subject to the requirements of the sex offender registry. The State, as the real party in interest, has filed an answer and has moved to dismiss Cannon's petition.

(2) The record reflects that Cannon pled guilty in 1998 to second degree unlawful sexual contact and second degree assault in Cr. ID No. 9709010268. As part of its sentence, the Superior Court ordered Cannon to register as a sex offender. In 2010, the Superior Court found Cannon guilty

of failure to verify his address as a registered sex offender and sentenced him to probation in Cr. ID No. 1001004069. In August 2017, Cannon again was charged with failure to verify his address as a registered sex offender in Cr. ID No. 1704012804. Cannon failed to appear at his arraignment and a bench warrant was issued for his arrest. That warrant remains outstanding. On January 10, 2018, Cannon filed a motion for relief from the sex offender registry in the Superior Court. The Superior Court denied the motion after Cannon failed to appear for the scheduled hearing. Thereafter, Cannon filed this "peremptory" writ of mandamus.

(3) This Court has authority to issue a writ of mandamus when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate legal remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[1] When invoking this Court's original jurisdiction to issue extraordinary relief, the burden is upon the petitioner to establish *clear entitlement* to that relief and that no other adequate remedy is available.[2]

(4) Cannon has failed to carry his burden in this case. Cannon filed a motion in the Superior Court seeking to have himself removed from the sex offender registry, but he failed to pursue the motion by failing to appear for

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994).

the scheduled hearing. Cannon clearly had an adequate legal remedy in the Superior Court and appellate processes and failed to pursue this remedy. He cannot use the extraordinary writ process as a substitute.[3] Moreover, he has not established his right to be removed from the registry.

NOW, THEREFORE, IT IS ORDERED that Cannon's petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *In re Hyson*, 649 A.2d 807, 808 (Del. 1994).

3