IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF ANTHONY | § | No. 226, 2020 |
| GORDON FOR A WRIT OF | § | |
| PROHIBITION OR HABEAS | § | |
| CORPUS | § | |

Submitted:  September 10, 2020
Decided:    October 2, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

### ORDER

After consideration of the petition for a writ of prohibition or, in the alternative, habeas corpus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, Anthony Gordon, was convicted of two counts of second-degree rape and one count of fourth-degree rape in 2013.[1]  The Superior Court sentenced him to thirty-five years of Level V incarceration, suspended after twenty-one years for decreasing levels of supervision.  On appeal, this Court affirmed Gordon's convictions and sentence.[2]  Gordon subsequently filed unsuccessful motions for postconviction relief and a writ of habeas corpus.[3]

---

[1] We take judicial notice of Cr. ID No. 1109011777 (N).
[2] *Gordon v. State*, 2013 WL 6569705 (Del. Dec. 11, 2013).
[3] *See, e.g., Gordon v. Metzger*, 2019 WL 168663, at *1 (Del. Jan 10, 2019) (affirming the Superior Court's denial of Gordon's petition for a writ of habeas corpus); *Gordon v. State*, 2017 WL 4857111, at *1 (Del. Oct. 25, 2017) (affirming the Superior Court's denial of

(2) Gordon now seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of prohibition or, in the alternative, a writ of habeas corpus. He argues that the Superior Court lacked jurisdiction in his case because the second-degree rape counts in the indictment failed to allege that the victim (the daughter of his live-in girlfriend) had not reached her sixteenth birthday.[4] He also contends that his trial counsel was ineffective for failing to request a bill of particulars and that the Superior Court incorrectly instructed the jury regarding the elements of second-degree rape.

(3) A writ of prohibition is the legal equivalent of the equitable remedy of an injunction.[5] Its purpose is to keep a trial court within the limits of its jurisdiction.[6] A writ of prohibition will not issue if a final judgment has already been entered[7] or if the petitioner has another adequate remedy at law.[8]

---

Gordon's first motion for postconviction relief under Superior Court Criminal Rule 61); *State v. Gordon,* 2019 WL 6655643, at *1-2 (Del. Super. Ct. Dec. 5, 2019) (denying motion for correction of sentence under Rule 35(a) and summarily dismissing third motion for postconviction Rule 61).

[4] Under 11 *Del. C.* § 772(a)(1) (2009), "[a] person is guilty of rape in the second degree when the person ... [i]ntentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent." A child under the age of sixteen is deemed "unable to consent to a sexual act with a person more than 4 years older than said child." 11 *Del. C.* § 761(k) (2009).

[5] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).

[6] *Id.*

[7] *In re Carter*, 2008 WL 5061144, at *1 (Del. Dec. 1, 2008).

[8] *Matushefske v. Herlihy*, 214 A.2d 883, 886 (Del. 1965).

(4)	Gordon has not shown that he is entitled to the issuance of a writ of prohibition.  His convictions became final in 2013.  He could have raised his claims concerning the indictment, ineffective assistance of counsel, and the jury instruction on direct appeal or in a Rule 61 motion, but did not do so.  In addition, Gordon has not shown that the absence of the victim's age in the indictment deprived the Superior Court of jurisdiction.[9]  As to Gordon's request in the alternative for a writ of habeas corpus, this Court lacks original jurisdiction to issue a writ of habeas corpus.[10]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for a writ of prohibition or, in the alternative, habeas corpus is DISMISSED.

BY THE COURT:

/s/ Tamika R. Montgomery-Reeves
Justice

---

[9] 11 *Del. C.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another court.").  *See also Miller v. State*, 2020 WL 582715, at *1 (Del. Feb. 5, 2020) (rejecting claim that the Superior Court lacked jurisdiction as a result of defects in the indictment) (citing *Fountain v. State*, 288 A.2d 277, 278-79 (Del. 1972)).

[10] 10 *Del. C.* § 6901; *In re Cantrell*, 678 A.2d 525, 526 (Del. 1996).