IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION § 
OF JUDEAU S. BROWN JR. FOR A § No. 408, 2021
WRIT OF PROHIBITION §
§

Submitted: January 18, 2022
Decided: March 24, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After careful consideration of the petition for a writ of prohibition and the State's answer and motion to dismiss, it appears to the Court that:

(1)     On May 7, 2018, the petitioner, Judeau S. Brown Jr., pleaded guilty to one count of first-degree robbery and one count of possession of a firearm during the commission of a felony.  The Superior Court immediately sentenced Brown in accordance with the negotiated plea agreement to an aggregate of twenty-eight years of Level V incarceration, suspended after seven years for decreasing levels of supervision.  Brown did not appeal his convictions or sentence.  Brown subsequently filed unsuccessful motions for postconviction relief and sentence modification. [1]

(2)     Brown now seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of prohibition to the Superior Court.  He argues that the Superior Court did not have jurisdiction to convict him of felony crimes in the absence

---

[1] *See, e.g., Brown v. State*, 2020 WL 2847866, at *1 (Del. June 1, 2020) (affirming the Superior Court's denial of Brown's first motion for postconviction relief); *Brown v. State*, 2020 WL 7212719, at *1 (Del. Dec. 3, 2020) (affirming the Superior Court's denial of Brown's second motion for postconviction relief).

of a trial or a completely executed and finalized plea agreement.  In support of his argument that the plea agreement was not completely executed and finalized, Brown points to the fact that his signature does not appear in the area designated for the defendant's signature on the plea agreement form.

(3)	A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is properly before it.[2] The jurisdictional defect alleged by the petitioner, however, must be clear from the record.[3] And a writ of prohibition will not issue "if the petitioner has another adequate and complete remedy at law to correct the act of the trial court [that] is alleged to be erroneous."[4]  "The right to appeal a criminal conviction is *generally* considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[5]

(4)	The appellate process in a criminal case may be inadequate when the lack of jurisdiction of the trial court is clear and unmistakable;[6] however, such is not the case here. The offenses to which Brown pleaded guilty—first-degree robbery and possession of a

---

[2] *In re Goodlett*, 2005 WL 2333923, at *1 (Del. Sept. 21, 2005).

[3] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).

[4] *Id.*

[5] *Id.*

[6] *Id.*

firearm during the commission of a felony—are classified as felonies and appear to fall within the Superior Court's jurisdiction under 11 *Del. C.* § 2701(c).[7]

(5)    Brown has not sustained his burden of demonstrating to this Court, by clear and convincing evidence, that the appellate process was inadequate to correct the acts of the trial court that are alleged to be erroneous.  And we note that during the plea colloquy, Brown affirmed to the Superior Court that he had carefully reviewed the Truth-in-Sentencing Guilty Plea Form as well as the plea agreement form with his attorney, understood the documents, and signed them.  Accordingly, in the exercise of our discretion, we decline to issue the extraordinary writ of prohibition.

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED and the petition for the issuance of a writ of prohibition is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] 11 *Del. C.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another court.").