IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF JAMES L. MARTIN | § | No. 59, 2022 |
| FOR WRITS OF MANDAMUS | § | |
| AND PROHIBITION | § | |

Submitted: March 8, 2022
Decided: May 17, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After consideration of the petition for writs of mandamus and prohibition, the response of the defendant-below, the State's answer and motion to dismiss, as well as the Superior Court docket, it appears to the Court that:

(1)     The petitioner, James L. Martin, filed a personal-injury complaint in the Superior Court against David H. Nixon, alleging that he sustained physical injuries in an automobile/bicycle collision as a result of Nixon's negligence.  The Superior Court bifurcated the trial into a liability phase and a damages phase.  On September 17, 2019, a jury returned a verdict on the issue of comparative liability, assigning fault to Martin at 43% and to Nixon at 57%.  On February 2, 2022, a jury found Martin had suffered $102,709.59 in damages.  The Superior Court reduced the amount by 43% in keeping with the jury's comparative liability finding and entered judgment in favor of Martin in the amount of $58,544.47, plus costs.  Martin filed a number of post-trial motions, which were recently resolved by the Superior Court

on April 13, 2022.[1]  On May 11, 2022, Martin filed a notice of appeal from the Superior Court's judgment.[2]

(2)  While his case was still pending in the Superior Court, Martin filed this petition, seeking to invoke the original jurisdiction of this Court under Supreme Court Rule 43 to issue writs of mandamus and prohibition.  Martin asks this Court to direct the Superior Court to "correct" its docket and the corresponding records and to enjoin the Superior Court from "interfering" with the docket and the record. Martin also indirectly asks the Court to compel the Superior Court to rule on the post-trial motions.

(3)  A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[3]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

[1] *Martin v. Nixon*, 2022 WL 1123389 (Del. Super. Ct. Apr. 13, 2022).
[2] *Martin v. Nixon*, Del. Supr. Ct., Appeal No. 160, 2022.
[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

(4)     As noted above, the Superior Court issued a decision on Martin's post-trial motions on April 13, 2022.  Thus, to the extent that Martin's petition for a writ of mandamus asks the Court to direct the Superior Court to rule on the motions, it is moot.  And to the extent that the petition otherwise seeks to dictate control of the Superior Court's docket, it is improper and must be dismissed.

(5)     A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is properly before it.[5]  The jurisdictional defect alleged by the petitioner must be clear from the record.[6]  And a writ of prohibition will not issue "if the petitioner has another adequate and complete remedy at law to correct the act of the trial court [that] is alleged to be erroneous."[7]

(6)     Martin does not claim that the Superior Court lacked jurisdiction over the underlying personal-injury action.  Moreover, Martin has an adequate and complete remedy at law:  he may challenge the Superior Court's rulings in his opening brief on direct appeal.  Martin's petition for a writ of prohibition must therefore be dismissed.

---

[5] *In re Goodlett*, 2005 WL 2333923, at *1 (Del. Sept. 21, 2005).
[6] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).
[7] *Id.*

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED and the petition for the issuance of writs of mandamus and prohibition is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

4