IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF PIERRE J. DOWNS | § | No. 374, 2025 |
| FOR A WRIT OF PROHIBITION | § | |
| | § | |

Submitted: October 9, 2025
Decided: December 12, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

# **O R D E R**

After careful consideration of the petition for a writ of prohibition and the State's answer and motion to dismiss, it appears to the Court that:

(1) In January 2018, a Superior Court jury found the petitioner, Pierre J. Downs, guilty of first-degree robbery, third-degree assault, theft of a firearm, second-degree conspiracy, and possession of a firearm by a person prohibited (PFBPP). Upon the State's motion, the Superior Court declared Downs to be a habitual offender under 11 *Del. C.* § 4214(d), which applies where a person who has twice been convicted of a violent felony is then convicted of a third violent felony. The Superior Court sentenced Downs to 27 years of incarceration for first-degree robbery and 17 years of incarceration for PFBPP; the court imposed suspended periods of incarceration for the other charges. On appeal, this Court vacated Downs' convictions for PFBPP and theft of a firearm.[1]

---

[1] *Downs v. State*, 2019 WL 1040407 (Del. Mar. 4, 2019).

(2)     On April 8, 2019, the Superior Court resentenced Downs.  The new sentence order imposed the same sentences for first-degree robbery, third-degree assault, and second-degree conspiracy.  Thereafter, Downs filed two motions for the correction of an illegal sentence.  In the first motion, Downs alleged that he was not subject to habitual-offender sentencing because one of the two predicate prior convictions relied upon by the State was not a violent felony when he committed the conduct that led to that conviction.  In response, the State argued that Downs was also subject to habitual-offender sentencing under Section 4212(c), which applies where a person who has been twice convicted of a felony and once convicted of a violent felony is then convicted of another violent felony.  Downs' second motion argued that his sentence was illegal because he was not present with counsel for the resentencing.  The Superior Court denied the second motion as untimely; it was not clear if the court took any action on the first motion.

(3)     On appeal, the Court vacated Downs' sentencing order and remanded the matter for a new hearing to allow Downs to be represented by counsel and to make any arguments he wished regarding his habitual-offender status.[2]  On remand, the Superior Court allowed the State to amend its habitual-offender petition to include its argument that Downs was subject to habitual-offender sentencing under Section 4214(c).  The Superior Court then granted the State's amended petition and

---

[2] *Downs v. State*, 2021 WL 4075079, at *2 (Del. Sept. 7, 2021).

resentenced Downs as a habitual offender under Section 4214(c) to 27 years of incarceration for first-degree robbery. Downs appealed and argued that the State should have been confined to its original argument that Downs was subject to habitual-offender sentencing under Section 4214(d). This Court disagreed, finding that the Superior Court did not abuse its discretion when it permitted the State to file an amended habitual-offender petition: "There is no unfair prejudice to the defendant here because he was given a full opportunity to be heard and he is, in fact, [a] habitual offender under Section 4214(c)."[3]

(4)     Downs now asks this Court to issue a writ of prohibition to the Superior Court under Supreme Court Rule 43. He argues that the Superior Court "lacked jurisdiction over Downs as of March 14, 2022 [the date of his resentencing]."[4] The crux of his argument is that the Superior Court lacked jurisdiction because the State's filing of the amended habitual-offender petition violated double jeopardy principles.

(5)     A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is properly before it.[5] The jurisdictional defect alleged by the petitioner, however, must

---

[3] *Downs v. State*, 2023 WL 1977572, at *3 (Del. Feb. 14, 2023).
[4] Pet. for a Writ of Prohibition at 2.
[5] *In re Goodlett*, 2005 WL 2333923, at *1 (Del. Sept. 21, 2005).

be clear from the record.[6]  And a writ of prohibition will not issue "if the petitioner has another adequate and complete remedy at law to correct the act of the trial court [that] is alleged to be erroneous."[7]  "The right to appeal a criminal conviction is *generally* considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[8]  Here, Downs has filed motions for the correction of an illegal sentence and has appealed the Superior Court's denial of his motions.  "[A] writ of prohibition, which enjoins a lower court from further action, is not an appropriate writ where, as here, a final judgment of the Superior Court has been appealed and has been affirmed by this Court."[9]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED and the petition for the issuance of a writ of prohibition is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[6] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).
[7] *Id.*
[8] *Id.*
[9] *In re Oropeza*, 2004 WL 2843456, at *1 (Del. Dec. 3, 2004).