IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF DERRICK J. SMITH § No. 431, 2025
FOR A WRIT OF PROHIBITION §

Submitted: November 19, 2025
Decided: February 2, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the petition for a writ of prohibition and the State's answer and motion to dismiss, it appears to the Court that:

(1)     In 2011, the petitioner, Derrick Smith, pleaded guilty to attempted first-degree assault and possession of a firearm during the commission of a felony (PFDCF).  The Superior Court sentenced Smith as follows: for PFDCF, to twenty-five years of incarceration; and for attempted first-degree assault, to twenty-five years of imprisonment, suspended after five years for decreasing levels of community supervision.  We affirmed Smith's convictions and sentence on direct appeal.[1]  After a remand for resentencing, we affirmed the Superior Court's partial grant of postconviction relief and sentencing.[2]

(2)     Smith now petitions this Court to issue a writ of prohibition to the Superior Court under Supreme Court Rule 43.  He asks this Court to "restrain" the

---

[1] *Smith v. State*, 2012 WL 1530849 (Del. Apr. 30, 2012).
[2] *Smith v. State*, 2014 WL 1017277, at *1-3 (Del. March 13, 2014).

Superior Court from enforcing what he claims is an unlawful sentence because he is serving his sentence for PFDCF before his sentence for attempted first-degree assault, contrary to then-extant 11 *Del. C.* § 1447A(e). When Smith committed the conduct that led to his convictions, Section 1447A provided, among other things, that: (i) a person convicted of a felony and the possession of a firearm during the commission of that felony would serve the sentence imposed for the predicate felony before serving the sentence imposed for PFDCF, and (ii) a person convicted of PFDCF was ineligible for "good time, parole or probation during the period of the sentence imposed" for PFDCF.[3]

(3) A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is properly before it.[4] The jurisdictional defect alleged by the petitioner, however, must be clear from the record.[5] And a writ of prohibition will not issue "if the petitioner has another adequate and complete remedy at law to correct the act of the trial court [that] is alleged to be erroneous."[6] "The right to appeal a criminal conviction is

---

[3] 11 *Del. C.* § 1447A(d), (e) (2011).
[4] *In re Goodlett*, 2005 WL 2333923, at *1 (Del. Sept. 21, 2005).
[5] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).
[6] *Id.*

*generally* considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[7]

(4) There is no basis for the issuance of a writ of prohibition here. The Superior Court has jurisdiction over the crimes for which Smith was convicted and sentenced.[8] And Smith has failed to demonstrate the lack of an alternative remedy. On direct appeal, he could have asked the Court to remand for resentencing to conform with then-extant Section 1447A but did not.[9] In any event, Smith raised a similar argument in his challenge to the September 2013 sentencing and in two other Rule 35 motions. The Superior Court denied both requests.[10]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED and the petition for the issuance of a writ of prohibition is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] *Id.*
[8] *See* 11 *Del. C.* § 613 (defining the felony of first-degree assault); *id.* § 1447A (defining the felony of PFDCF); *id.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over-all crimes, except where jurisdiction is exclusively vested in another court.").
[9] We also note that Smith is benefitting from the legislative amendment to Section 1447A because, among other things, he is now eligible to earn good time while serving his PFDCF sentence.
[10] Exs. C and D to the State's brief.