IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § No. 479, 2025
PETITION OF MICHAEL T. §
WASHINGTON FOR A WRIT OF §
MANDAMUS OR PROHIBITION §

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

This 24th day of February 2026, it appears to the Court that:

(1) The petitioner, Michael T. Washington, who is serving a sentence for manslaughter and other crimes, has filed numerous unsuccessful motions for postconviction and other relief. He now seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus or prohibition to the Superior Court. The State of Delaware has moved to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2) In 2010, a Superior Court jury found Washington guilty of two counts of manslaughter and two counts of possession of a firearm during the commission of a felony. The trial judge subsequently found Washington guilty of possession of a firearm by a person prohibited. The Superior Court sentenced Washington to an aggregate of sixty-four years in prison, followed by decreasing levels of supervision.

This Court affirmed on direct appeal.[1] Washington has pursued numerous unsuccessful motions for postconviction and other relief.[2]

(3) In his petition for an extraordinary writ, Washington asserts that a "series of procedural and constitutional errors . . . have denied Washington a full and fair review of his criminal case." Specifically, he claims that his previous motions for postconviction relief were erroneously dismissed as procedurally barred, a motion for relief from judgment was erroneously treated as a successive postconviction motion and dismissed, and a motion made under Rule 33 was "denied based solely on timing," all when his federal habeas petition had been "stayed and . . . remanded for exhaustion." He contends that certain postconviction proceedings cannot withstand scrutiny because his postconviction counsel had a conflict of interest. Washington further alleges that the Superior Court erroneously treated one of his motions as a fifth motion for postconviction relief and did not allow him to

---

[1] *Washington v. State*, 2011 WL 4908250 (Del. Oct. 14, 2011).

[2] *See, e.g.*, *Washington v. State*, 2024 WL 5265275 (Del. Dec. 31, 2024) (affirming dismissal of fifth motion for postconviction relief and denial of other motions); *Washington v. State*, 2024 WL 834777 (Del. Feb. 27, 2024) (affirming dismissal of motion seeking an "Injunctive Administrative Hearing" or review of the criminal case, which the Superior Court treated as a successive motion for postconviction relief); *Washington v. State*, 2022 WL 4088664 (Del. Sept. 6, 2022) ("The Superior Court did not err in treating the appellant's motion to set aside judgment under Superior Court Civil Rules 55(c) and 60(b) as his third motion for postconviction relief under Superior Court Criminal Rule 61 and summarily dismissing that motion."); *Washington v. State*, 2022 WL 1041267 (Del. Apr. 7, 2022) (affirming dismissal of second motion for postconviction relief); *Washington v. State*, 2017 WL 1573119 (Del. Apr. 28, 2017) (affirming denial of first motion for postconviction relief). Washington has also sought federal habeas relief, and an appeal from the Superior Court's denial of a motion challenging his sentence is pending in this Court. *Washington v. State*, No. 272, 2025 (Del. filed June 26, 2025).

2

file a memorandum and appendix in support of the motion, denying him due process. And he asserts that the Superior Court erroneously denied his motion for correction of an illegal sentence by relying on different federal precedents than Washington cited in the motion.

(4) Washington characterizes his petition as seeking a writ of "mandamus or prohibition." He asks the Court to direct the Superior Court to hold an evidentiary hearing and to review on the merits his prior postconviction motions, motion for correction of an illegal sentence, and motion for a new trial. He also asks the Court to address issues concerning prior postconviction counsel; consider purported newly discovered alibi evidence; appoint counsel; and ensure compliance with due process.

(5) There is no basis for the issuance of a writ of mandamus in this case. A writ of mandamus will issue only if the petitioner can show (i) a clear right to the performance of a duty, (ii) that no other adequate remedy is available, and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4] Washington has not shown that the Superior Court has arbitrarily failed

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

or refused to act. Rather, he seeks to litigate or relitigate issues that he has raised or could have raised in the Superior Court and on appeal from the Superior Court's decisions. Washington "may not use the extraordinary writ process as a substitute for a properly filed appeal."[5]

(6) Nor is Washington entitled to a writ of prohibition. "A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is properly before it."[6] The jurisdictional defect that the petitioner alleges must be clear from the record.[7] Moreover, "a writ of prohibition will not issue 'if the petitioner has another adequate and complete remedy at law to correct the act of the trial court [that] is alleged to be erroneous.'"[8] "The right to appeal a criminal conviction is generally considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[9] The Superior Court has jurisdiction over the crimes of which Washington was convicted, and Washington has failed to demonstrate the lack of an adequate remedy to review the various claims he has

---

[5] *In re Lewis*, 2007 WL 328806, at *1 (Del. Feb. 5, 2007).
[6] *In re Smith*, 2026 WL 279902, at *1 (Del. Feb. 2, 2026).
[7] *Id.*
[8] *Id.* (quoting *In re Hovey*, 545 A.2d 626, 628 (Del. 1988)) (alteration in *Smith*).
[9] *Hovey*, 545 A.2d at 628 (emphasis omitted).

asserted following his conviction. There is no basis to issue a writ of prohibition here.[10]

(7) In 2024, we warned Washington in two appeals that he could be enjoined from filing future appeals raising repetitive claims without first seeking leave of the Court.[11] Since then, he has filed this proceeding for an extraordinary writ and the pending appeal noted above.[12] The Court will consider when resolving the pending appeal whether Washington's filings constitute an abuse of the judicial process warranting an injunction.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus or prohibition is DISMISSED.

BY THE COURT:

*Karen L. Valihura*
Justice

---

[10] After the State filed its motion to dismiss, Washington filed a motion for leave to file a reply and a motion seeking to supplement the record. The Court has considered the motions, and they do not change the result.

[11] *Washington*, 2024 WL 5265275, at *1; *Washington*, 2024 WL 834777, at *1.

[12] *Supra* note 2.