KEVIN FIELDS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 668, 2009.
Supreme Court of Delaware.
Submitted: March 12, 2010.
Decided: April 28, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 28th day of April 2010, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Kevin Fields, filed an appeal from the Superior Court's October 22, 2009 order denying his motion to correct an illegal sentence pursuant to Superior Court Criminal Rule 35(a). We find no merit to the appeal. Accordingly, we affirm.
(2) In November 2004, Fields pleaded guilty to Possession With Intent to Deliver Heroin and Criminal Impersonation. On the possession conviction, he was sentenced to 9 years of incarceration at Level V, to be suspended for 18 months of Level III probation. On the criminal impersonation conviction, he was sentenced to 1 year of incarceration at Level V, to be suspended for 1 year of Level III probation.
(3) In November 2006, Fields was found to have committed a violation of probation ("VOP") and was resentenced to 5 years at Level V, to be suspended after 2 years for 3 years at Level IV Crest or VOP Center, in turn to be suspended after 6 months for 18 months of Level III probation. This Court affirmed the Superior Court's judgment.[1]
(4) On May 20, 2009, Fields again was found to have committed a VOP. He was resentenced to 5 years at Level V, with credit for 2 years and 17 days previously served, to be suspended after 18 months, with no probation to follow. Approximately one month later, on June 23, 2009, the Superior Court issued a modified VOP sentencing order, giving Fields credit for "all credit time accounted for up to and including today." Fields filed motions to correct his sentence in August, October and November 2009, all of which the Superior Court denied. Fields' instant appeal is from the Superior Court's October 22, 2009 order.
(5) In this appeal, Fields claims that the Superior Court a) abused its discretion when it denied his motion to correct an illegal sentence on the ground that he was not given credit for the 17 days he spent incarcerated in default of bail; and b) committed an error of law when it failed to order the Department of Correction ("DOC") to credit him with earned "good time."
(6) A motion for correction of an illegal sentence under Rule 35(a) is narrow in scope.[2] Rule 35(a) permits relief only when the sentence imposed exceeds the statutorily-authorized limits, violates double jeopardy, is ambiguous or internally contradictory, omits a term required to be imposed by statute, or is a sentence that the judgment of conviction did not authorize.[3] A defendant must be given credit for all Level V time served in connection with a Level V sentence when calculating the amount of Level V time remaining on that sentence.[4]
(7) Fields' first claim is based on his assumption that he was not given proper credit for Level V time previously served. Specifically, Fields argues that the effective date on the sentencing orders should be May 4, 2009, the date he was incarcerated in default of bail, instead of May 20, 2009, the date he was sentenced. Fields' assumption is factually incorrect. Rather than specifying the date of incarceration as the effective date, the Superior Court chose to credit the Level V time Fields spent incarcerated in default of bail within the body of the sentencing order itself. The Superior Court's original and modified VOP sentencing orders both reflect that Fields was given proper credit for the 17 days he spent incarcerated at Level V in default of bail.[5] As such, the Superior Court properly denied Fields' motion for correction of sentence. We, therefore, conclude that Fields' first claim is without merit.
(8) Fields' second claim is based on his argument that the DOC has not properly calculated his "good time" credits.[6] Because Fields does not argue that his sentence exceeds the statutorily-authorized limits, violates double jeopardy, is ambiguous or internally contradictory, omits a term required to be imposed by statute, or is a sentence that the judgment of conviction did not authorize, his claim is not cognizable under Rule 35(a).[7] As such, we conclude that Fields' second claim also is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Fields v. State, Del. Supr., No. 673, 2006, Ridgely, J. (May 23, 2007).
[2] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[3] Id.
[4] Gamble v. State, 728 A.2d 1171, 1172 (Del. 1999).
[5] Del. Code Ann. tit. 11, §3901(b) and (c).
[6] Del. Code Ann. tit. 11, §4381(b).
[7] Lewis v. State, Del. Supr., No. 250, 2009, Holland, J. (Sept. 8, 2009) (citing Brittingham v. State, 705 A.2d at 578).