IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF KATHERINE MACNEIL FOR WRITS OF PROHIBITION AND MANDAMUS | § § No. 553, 2018 § § |

Submitted: November 15, 2018
Decided: December 18, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the petition for a writ of prohibition and a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Katherine MacNeil, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue: (i) a writ of prohibition ordering the Superior Court of Sussex County to stop imposing sentences with effective dates as of the date of sentencing; and (ii) a writ of mandamus ordering the Superior Court to change the effective date of her violation of probation ("VOP") sentence from October 5, 2018 (when she was sentenced) to September 21, 2018 (when she was arrested and incarcerated). We conclude that the petition is without merit and must therefore be dismissed.

(2) On February 19, 2018, MacNeil pled guilty to Driving Under the Influence (3rd Offense) and Driving with a Suspended License. For Driving Under the Influence, the Superior Court sentenced MacNeil, effective February 19, 2018,

to two years of Level V incarceration, with credit for 20 days previously served, suspended after ninety days and successful completion of the Level V Reflections Program, for 18 months of Level III probation. For Driving with a Suspended License, the Superior Court ordered MacNeil to pay a fine of $500.00. MacNeil was released from Level V on June 27, 2018.

(3) On July 25, 2018 a capias was issued for MacNeil's VOP. On September 21, 2018, MacNeil was taken into custody. After a VOP hearing on October 5, 2018, the Superior Court found that MacNeil had violated her probation. The Superior Court sentenced MacNeil, effective October 5, 2018, to 120 days of Level V incarceration with no probation to follow. The sentencing order provided that the Level V time imposed took into account all time previously served. This petition followed.

(4) A writ of prohibition is the legal equivalent of an injunction.[1] Its purpose is to keep a trial court within the limits of its own jurisdiction.[2] MacNeil has not shown that she is entitled to the issuance of a writ of prohibition. First, she does not have standing to pursue a writ of prohibition on behalf of other people.[3]

---

[1] *In re Hovey*, 545 A.2d 626, 628 (Del.1988).
[2] *Id.*
[3] *In re Kostyshyn*, 2011 WL 2696357, at *1 n.1 (Del. July 12, 2011) (noting that the petitioner did not have legal standing to pursue an extraordinary writ on behalf of anyone other than himself).

2

Second, the Superior Court has not erroneously assumed jurisdiction over MacNeil or exceeded its jurisdiction in sentencing her for her a VOP.[4]

(5)    A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[5]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[6]  MacNeil has not shown that the Superior Court arbitrarily failed to perform a duty owed to her.

(6)    Under 11 *Del. C.* § 3901(b) and (c), "a defendant must be credited with all Level V time served in default of bail either by 'backdating' the effective date to the date of incarceration or by crediting the defendant with the time served."[7]  MacNeil, contrary to her contentions, received credit for the Level V time she served between September 21, 2018 and October 5, 2018.  The Superior Court was authorized to reimpose any previously suspended prison term for MacNeil's VOP.[8]

---

[4] 11 *Del. C.* § 4334(c) (providing that the court may, upon finding a violation of probation, require the violator to serve the sentence imposed or any lesser sentence).
[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[6] *Id.*
[7] *McNair v. State*¸2011 WL 768639, at *1 (Del. Mar. 4, 2011).
[8] *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

(7)     Because MacNeil had more than 18 months of Level V time left on her Driving Under the Influence sentence, the Superior Court was authorized to sentence MacNeil to more than 18 months of Level V time for her VOP.  Instead, the Superior Court chose to sentence MacNeil to 120 days of Level V time, which more than accounted for the 18 days of Level V time MacNeil served between her arrest and the VOP hearing.  The VOP sentencing order stated that the sentence took into account all time previously served.  The Superior Court gave MacNeil credit for all of the time she spent at Level V and did not err in making her VOP sentence effective as of the date of sentencing.[9]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of prohibition and a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[9] *See, e.g., Fields v. State*, 2010 WL 1711768, at *2 (Del. Apr. 28, 2010) (rejecting defendant's argument that his VOP sentence was illegal for running from date of his VOP hearing and sentencing instead of the date he was incarcerated in default of bail because "the Superior Court chose to credit the Level V time Fields spent incarcerated in default of bail within the body of the sentencing order itself").