IN THE SUPREME COURT OF THE STATE OF DELAWARE

KATIE BECK,      §

Defendant Below,      § No. 157, 2019
Appellant,      §

     § Court Below—Superior Court
v.      § of the State of Delaware

STATE OF DELAWARE,      § Cr. ID No. S1705021329

Plaintiff Below,      §
Appellee.      §

Submitted: April 16, 2019
Decided: May 15, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Katie Beck, appeals from the Superior Court's order sentencing her for her third violation of probation ("VOP"). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Beck's opening brief that the appeal is without merit. We affirm the Superior Court's judgment.

(2) The record reflects that on June 13, 2017 Beck pleaded guilty to Aggravated Menacing, two counts of Offensive Touching, and Criminal Mischief. The Superior Court sentenced her to a total period of five years and ninety days of

Level V incarceration, with credit for fourteen days previously served, to be suspended for probation.

(3)     The Superior Court found Beck in violation of probation on September 14, 2017.  For that first VOP, the court resentenced Beck to four years and nine months of Level V incarceration for the Aggravated Menacing charge, suspended after four months at Level V for one year of probation.  For the Offensive Touching and Criminal Mischief charges, the court discharged Beck as unimproved.

(4)     The Superior Court found Beck in violation of probation for a second time on April 20, 2018.  The court resentenced Beck to four years of Level V incarceration, with the balance of the sentence suspended for one year at supervision Level IV residential substance abuse treatment, suspended upon successful completion for six months of Level III aftercare.

(5)     On March 29, 2019, after finding her in violation of probation for a third time, the Superior Court resentenced Beck, effective March 29, 2019, to three years of Level V incarceration, to be discharged as unimproved after serving one year in prison.  The sentencing order provided that "[t]he level 5 time imposed in today's sentence takes into consideration all time previously served."  Beck has appealed to this Court.  She argues that the effective date of the VOP sentence deprives her of credit for fourteen days that she was incarcerated while awaiting the VOP hearing.

2

(6)     This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[1]  Title 11, Section 3901(b) of the Delaware Code provides that "[a]ll sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of incarceration for the offense for which said sentence shall be imposed . . . ."  A sentencing court may satisfy Section 3901 either by "backdating" the effective date of the sentence to the date of incarceration or by crediting the defendant with the time served.[2]  Here, the Superior Court credited Beck with the time served by providing in the body of the sentencing order that the sentence took into account all time previously served and by reducing the Level V time remaining on her sentence.[3]

(7)     Once the State established the VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on Beck's sentence.[4]  On April 20, 2018, after finding her in violation of probation for the second time, the court had resentenced Beck to

---

[1] *Rittenhouse v. State*, 2014 WL 5690489, at *2 (Del. Nov. 3, 2014).
[2] *McNair v. State*, 2011 WL 768639, at *1 (Del. Mar. 4, 2011); *Fields v. State*, 2010 WL 1711768, at *1 (Del. Apr. 28, 2010).
[3] *See Rittenhouse*, 2014 WL 5690489, at *2 (holding that an order reducing Level V time remaining from previous sentence and stating that the Level V time imposed took into consideration all time previously served comported with 11 *Del. C.* § 3901).
[4] 11 *Del. C.* § 4334(c).

3

four years of Level V incarceration, suspended for various levels of supervision. Beck does not allege that she was incarcerated for any period of time after April 20, 2018, other than the fourteen days beginning March 15, 2019, when she was awaiting her third VOP hearing. Thus, it appears that at the time of sentencing for her third VOP, three years and 351 days of Level V time were remaining on her sentence. She received a sentence of three years of Level V incarceration, of which she must serve only one year. The sentence imposed by the Superior Court therefore did not exceed the Level V time remaining on her sentence.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *See Rivera v. State*, 2014 WL 2093709, at *3 (Del. May 15, 2014) (stating that, for a VOP, the "Superior Court could impose any period up to and including the balance of the Level V time remaining on the [previous VOP] sentence").

4